# Frederick F. Rozier

*v.*

# Julia Fagan *et al.*

1.    Constitutional law—*of the power of the legislature to authorize an adminis-trator to sell lands to pay debts, without judicial sanction.*    The act of January 8, 1823, authorizing the administrator of Thomas Brady, deceased, to sell land to pay debts, without providing for any judicial ascertainment that debts were due, is clearly unconstitutional.    The legislature has no power to assume that debts were due and payable, and on that assumption, to authorize the administrator to sell land, the title to which was vested in the heirs, and apply the proceeds to the payment of the debts of the estate, without any judicial inquiry as to the exist-ence of such debts, before paying them.    The power to determine the existence of debts is judicial, not legislative.

Appeal from the Circuit Court of St. Clair county; the Hon. J. Gillespie, Judge, presiding.

This was an action of ejectment, brought by the heirs of Brady, to recover certain lands sold and conveyed by the administrator, under authority of the act of January 8, 1823, upon the ground that the act itself was unconstitutional.

The facts are presented in the opinion of the court.

Mr. William H. Underwood, for the appellant.

Mr. Gustavus Koerner, for the appellees.

Mr. Justice Lawrence delivered the opinion of the Court:

The only question presented in this case is, the validity of an act of the legislature passed January, 8, 1823, authorizing John Rice Jones, administrator of Thomas Brady, deceased,

to sell and convey the lands belonging to the estate of the deceased, situate in Illinois, the proceeds to be assets in the hands of the administrator, to be appropriated to the payment of the debts of the deceased, and the balance, if any, to be distributed between his children. Under this act, the land in controversy was conveyed by the administrator to a person who had a mortgage upon it, in satisfaction of the mortgage debt. The administrator's deed was admitted in evidence on the trial, against the objections of the appellant.

We can perceive no difference, in principle, between this case and that of *Lane* v. *Dorman*, 3 Scam. 238. With that decision the profession has been universally satisfied, and this court has pronounced no judgment upon questions of constitutional law resting upon a sounder basis. In this case, as in that, the administrator was authorized to sell, without providing for a judicial ascertainment that any debts were due. The only difference is, that in that case the legislature decided that debts were due to particular persons; while in this, it decided that debts were due, but without determining to whom. But in both cases, the legislature was exercising judicial power. In this case too, as in that, the land was in fact sold for the satisfaction of a particular debt, instead of for the common benefit of all the creditors, and, so far as appears, without an allowance of the debt by any court. When the act in question was passed, and when the land was sold, the title was in the heirs of Brady, subject to be divested, if necessary, for the payment of his debts. But the legislature had no more right or power to assume that he died owing debts, and on that assumption to authorize his administrator to sell land vested in his heirs, for the purpose of holding the proceeds as assets, without any judicial inquiry as to the existence of such debts before executing the power, than it would have had in his lifetime, the right or power to authorize the sheriff of the county where he lived to sell his land, and hold the proceeds for the payment of whatever debts he might owe.

The case of *Davenport* v. *Young*, 16 Ill. 551, was precisely like this. The act there authorized the administrator to sell for the payment of debts generally, without naming any particular debts. The court, citing *Lane* v. *Dorman*, said " the legislature had no constitutional power to find and determine the fact that there were debts owing ;" and also held that the court, on the trial of that case, properly refused to receive evidence, independently of the probate records, that debts in fact existed.

The counsel for appellee quotes the cases of *Edwards* v. *Pope*, 3 Scam. 471, and *Mason* v. *Waite*, 4 ib. 127, as counter authorities. But in both of those cases, the legislature, instead of assuming judicial functions, directed the proceedings to take place under the control and direction of a court, and it is upon this ground that these cases are distinguished by the court deciding them from *Lane* v. *Dorman*.

We are of opinion the act in question was unconstitutional.

*Judgment reversed.*