JULIA FAGAN *et al.*

*v.*

FERDINAND F. ROSIER.

1. COLOR OF TITLE—*a question of law—good faith one of fact.* What is color of title, is purely a question of law, to be determined by the court from an inspection of the papers relied on as constituting color; but the good faith of the party claiming under it, is a question of fact, to be proven and determined as any other fact in issue before the jury.

2. A deed which purports to convey the land in dispute, although the grantor had no authority to convey the title, as, when he purported to convey, as administrator of the estate of a deceased person, the land of the deceased, under a special act of the legislature which was unconstitutional and void, is good as color of title.

3. LIMITATION—*under act of 1839—payment of taxes by wrong description.* On the trial of an action of ejectment, the defendant, for the purpose of proving payment of taxes on the land for seven successive years, under color of title, offered tax receipts for the years 1856 to 1864 inclusive, which the court rejected for the reason that the land was misdescribed as lot No. 29 N. W. end of survey 117-125. It appeared that the land in dispute was so described in a plat of a survey made at the request of the surveyor, and so assessed from 1856 up to 1864: *Held,* that the court erred in excluding the tax receipts, as, if the taxes were actually paid the statute was complied with, whether the land was properly described or not.

4. EVIDENCE—*parol to prove levy of taxes, not proper.* The admission of parol testimony to prove the levy of taxes by a town is clearly erroneous. The record of the levy is the best evidence of the fact.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. G. & G. A. KŒRNER, for the appellants.

Mr. W. H. UNDERWOOD, Mr. JOHN B. BOWMAN, and Messrs. C. W. & E. L. THOMAS, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by appellee against appellants, to recover a part of the undivided half

surveys 117 to 125, inclusive, in Cahokia Common Fields, St. Clair county.

On the trial of the cause in the circuit court, by agreement the evidence of J. N. Piggot, set out in the opinion of the court in case of *Bowman* v. *Wettig*, 39 Ill. 417, was read by the plaintiff as the evidence of Piggot, the substance of which was, that prior to 1816, one Etienne Pensoneau claimed a tract of land opposite St. Louis on Cahokia creek, some ten arpents in front, extending back to the bluffs; that he had built some houses on the tract; that at that time the United States had not surveyed the land; that the tract was made up of French arpent claims in the Cahokia common field; that the boundaries of these claims were distinctly marked by stones, some of which were still visible; when these claims were surveyed by the United States, the surveys were numbered, and that included in Pensoneau's claim were surveys 117 to 125, inclusive. Pensoneau sold these lands to McKnight and Brady, and they laid out on it the town of Illinois, and they built on some of the lots, and sold others, claiming title. ·

The plaintiff then read in evidence a deed from Etienne Pensoneau and wife to McKnight and Brady. The death of Thomas Brady was proved, also heirship. Plaintiff then connected himself with the heirs of Brady by deeds of conveyance properly executed, and rested his case.

The defendants then read in evidence a mortgage made by McKnight and Brady to Wm. Norris, dated July 14, 1821; also a certified copy of letters of administration granted by the county court of St. Louis county, Missouri, to John R. Jones, upon the estate of Thomas Brady, deceased, dated November 10, 1821.

The defendants also read in evidence an act of the legislature, approved January 8, 1823, authorizing the administrator of the estate of Thomas Brady to sell certain real estate.

The defendants then offered in evidence as title, and also as color of title, a deed from John R. Jones, administrator of the estate of Brady, and Harriet Brady, widow, to Wm. Norris. The deed recited the mortgage to Norris, and that John McKnight had conveyed his interest in the land to Norris; that a law had been passed authorizing Jones to sell and convey the interest of Brady in the land. The plaintiff objected to the reading of this deed in evidence, either as title or color of title, and the court sustained the objection.

The defendants then offered in evidence a deed from Joseph Norris, one of the heirs of Wm. Norris, to Richard Norris, in which deed the mortgage, and law of 1823, were referred to. This was offered for the purpose of showing color of title, but the court refused to permit it to be read.

The defendants then offered, as color of title, deed from Richard Norris, executor of Wm. Norris, to Henry Ames, which the court would not permit to be read.

The decision of the court in refusing to permit this evidence to be read, is now relied upon as error.

The circuit court committed no error in rejecting the deed made by the administrator, Jones, to Norris, as title.

That question was fully settled by this court when this case was here at a former term. *Rozier* v. *Fagan et al.* 46 Ill. 404. We see no reason for departing from the decision then announced.

This deed, however, as well as others, was offered as color of title and rejected by the court.

Were these deeds color of title? What is color of title, is purely a question of law, to be determined by the court from an inspection of the papers offered and relied upon as constituting color of title. But, on the other hand, the good faith of the party claiming under color of title, is a question of fact, to be proven and determined as any other fact in issue before the jury. The former is a question of law for the court, the latter a question of fact for the jury. *Woodward* v. *Blanchard,* 16 Ill. 424; *Dalton* v. *Lucas,* 63 Ill. 337.

Had this distinction been recognized and properly adhered to by the circuit court, the difficulty surrounding the question raised would have been readily solved.

In *Woodward* v. *Blanchard, supra,* it was held, that an Auditor's deed made upon a tax sale, was color of title, without regard to its intrinsic worth as a title, and without regard to the constitutionality of the laws under which it was derived.

In *Bride* v. *Watt,* 23 Ill. 507, it was held, that the deed or instrument relied upon as color of title, must purport on its face to convey title, not that the title should purport when traced back to its source to be an apparently legal and valid title, but the instrument under which the occupant holds, and upon which he relies, must, itself, profess to convey a title to the grantee.

In *Dickenson* v. *Breeden,* 30 Ill. 279, the court, after a careful review of the decisions of our court upon what constitutes color of title, say "the substance of these decisions is, that any deed purporting on its face to convey title, no matter on what it may be founded, is color of title."

In *Brooks* v. *Bruyn,* 35 Ill. 392, it was held, that any instrument having a grantor and grantee, and containing a description of the lands intended to be conveyed, and apt words of conveyance, gives color of title. It makes no difference that the deed fails to pass an absolute title, because the grantor had none to convey, or had no authority in law or fact to convey one, or whether such want of authority appears on the face of the instrument or *aliunde.*

Counsel for appellee cite and rely upon the case of *Bowman* v. *Wettig,* 39 Ill. 419, but, upon a careful examination of the opinion in that case, it will be found to be in harmony with the decisions cited *supra,* and can not be held to sustain the position assumed by appellee.

In the case of *Morrison* v. *Norman,* 47 Ill. 477, the same ground was relied upon as is by appellee here, and the court adhere to the doctrine announced in former decisions, and say: "It is the settled rule of this court, that a deed, regular

upon its face, is good color of title under this statute, and that bad faith or fraud on the part of the grantee is not to be presumed in the absence of proof." See, also *Huls* v. *Buntin*, 47 Ill. 400.

These deeds offered, and excluded by the court, purported to convey the land, and, although it may be true the grantors had not the authority at law to convey the title, yet, under the settled doctrine and uniform decisions of this court, they must be held as color of title.

On the trial of the cause, the defendants introduced in evidence tax receipts from 1846 to 1864, inclusive. The court, on motion of the plaintiff, excluded all receipts from 1856 to 1864, inclusive, for the reason the land was described as lot 29. N. W. end of surveys 117–125.

It appears, from the evidence, that in 1856, Mr. Holbrook, who was agent for the land, at the request of the assessor, made a plat of the land, and the land was, after that time, assessed on the assessor's books according to this plat, and taxes paid and receipts given as it was described on the plat, which was not, however, recorded.

It is apparent the taxes on the land were paid, and the question that arises is, can the party claiming the benefit of the Statute of Limitations be deprived of its provisions for the reason that the land was misdescribed in the assessment or in the tax receipts.

This same question arose in the case of *Elston* v. *Kennicott*, 46 Ill. 189, and it was there held, that if the taxes on the land were actually paid the statute was complied with. In that case the court concludes the discussion of the question, as follows :

"After much and careful deliberation, we have come to the conclusion on this point, that the proper construction of the statute is, that there must be, in all cases, an actual payment of taxes for seven successive years, and when this is shown the purpose of the statute is answered, even although it may

appear that for some of these years, or for all of them, the assessment was illegal."

This decision is conclusive of the question, and under the law as there announced the court erred in excluding from the jury the tax receipts.

The plaintiff, for the purpose of showing the defendants did not pay all the taxes assessed on the land, proved, by one Bowman, that from 1859 to 1865, about one hundred acres of the land in controversy was within the incorporated limits of Illinoistown. The witness was then asked the question, whether there were any taxes levied in East St. Louis between 1859 and 1865. This was objected to, on the ground that the levy of taxes could not be proved by parol. The objection was overruled by the court and the proof was admitted.

This was clearly erroneous. If a levy of taxes was made by the incorporated town on this land, certainly a record containing the order was in existence and it would be the best evidence of that fact, and it was improper to resort to parol evidence to establish that fact. As this case will have to go before another jury, we do not wish to prejudice another trial by a discussion of the evidence on questions of fact upon which questions of law have not arisen.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*