Points-decided.

[No. 718.]

# THE SCORPION SILVER MINING COMPANY, RESPONDENT, v. FRANK MARSANO, APPELLANT.

ACTION TO QUIET TITLE—PRACTICE ACT, SECTION 256—POSSESSION, HOW ACQUIRED.—In an action to quiet title, brought in pursuance of the provisions of section 256 of the Practice Act: *Held*, that the statute gives the right of action to any person in possession irrespective of the mode by which possession has been acquired.

IDEM—PLEADINGS—BURDEN OF PROOF.—In such actions it is not necessary for the plaintiff to set out specifically the character of the adverse claim of defendant; the burden of proof is upon the defendant, if he admits plaintiff's possession, or does not disclaim, to plead and prove a good title in himself. *Blasdel* v. *Williams*, 9 Nev. 161, overruled.

CONSTRUCTIVE SERVICE OF SUMMONS.—A party relying solely upon a constructive service of summons is bound to prove a strict compliance with some of the modes prescribed by the statute for obtaining such service.

SERVICE OF SUMMONS ON BUSINESS MANAGER OF A CORPORATION.—Where the officer certifies that he served the summons upon the business manager of a corporation: *Held*, that this was not a compliance with the provisions of the statute requiring the service to be upon the managing agent.

IDEM.—Courts must know, and officers must be presumed to know, what the legislature meant by the term managing agent; but courts cannot know what an officer means by a designation unknown to the law.

JUSTICE'S DOCKET—ENTRY OF SERVICE OF SUMMONS.—The docket of a justice of the peace is only primary evidence of those facts which it is required to contain, and it is not required to contain any finding that summons has been served; but only the date of the summons and the time of its return. (Practice Act, section 562.)

PUBLICATION OF SUMMONS—DEPOSIT IN POST-OFFICE.—Where a party relies upon the publication of summons, it is necessary not only to publish a copy of the summons, but to deposit another copy in the post-office directed to the defendant at his place of residence, if known; and the statute prescribes that such deposit shall be proved by affidavit. (Practice Act, section 33.)

DEPOSIT IN POST-OFFICE MUST BE ADDRESSED TO THE DEFENDANT.—In a suit brought against the Scorpion Silver Mining Company, a corporation, where the justice of the peace deposited a copy of the complaint and summons in the post-office addressed to "Robert Apple or W. H. Martin, San Francisco, California," and there was no evidence, at the time of such deposit, before the justice that either Apple or Martin was connected with the corporation in any manner or capacity whatever: *Held*, that this was not a compliance with the law, which required the summons to be directed to the defendant. (Practice Act, section 31.)

APPEAL from the District Court of the First Judicial District, Storey County.

The facts are stated in the opinion.

*De Long & Belknap,* for Appellant.

I. The court erred in refusing to sustain our motion for a nonsuit and in finding the plaintiff to be the owner of the property in dispute when the ownership was denied by the answer, and the plaintiff offered no evidence in support of its title. Our denial of ownership of plaintiff was sufficient. (*Hill* v. *Smith,* 27 Cal. 476; *Murphy* v. *Napa Co.,* 20 Cal. 503; *Goddard* v. *Fulton,* 21 Cal. 435; *Woodworth* v. *Knowlton,* 22 Cal. 164; *Marshall* v. *Shafter,* 32 Cal. 176; 2 Van Santv. Eq. Pl., 2d ed. 411–12; 9 Barb. 219.)

II. In actions of this nature a plaintiff must plead the nature of the adverse claim, specifically averring in what respects it is invalid; and must prove his allegations as in other cases. (*Blasdel* v. *Williams,* 9 Nev. 169; *Hibernia Society* v. *Ordway,* 38 Cal. 679; McNamara on Nullities, 43.)

III. A judgment prematurely rendered is not void but merely voidable. It may be remedied by *appeal,* but cannot be collaterally attacked. (Freeman on Judg., Sec. 126, and note, Sec. 524; *Alderson* v. *Bell,* 9 Cal. 321; *McNeil* v. *Hallmark,* 28 Tex. 157; *Ballinger* v. *Tarbell,* 16 Iowa, 492; *Parker* v. *Shephard,* 1 Cal. 131; 3 Hink. 519; 1 Swan, 277; *Forbes* v. *Hyde,* 31 Cal. 349.)

IV. The judgment of the justice's court, after having obtained jurisdiction of the person and subject-matter, is as invulnerable against collateral attack as a judgment of a superior court would be. (*Ballinger* v. *Tarbell,* 16 Iowa, 492; *Harrington* v. *Wofford,* 46 Miss. 31; *Drake* v. *Duvenick,* 45 Cal. 463; *Bernal* v. *Lynch,* 36 Id. 135; *Glover* v. *Holman,* 3 Heisk, 519; *West* v. *Williamson,* 1 Swan, 277; *Boles* v. *Johnston,* 23 Cal. 226; *Pursley* v. *Hayes,* 22 Iowa, 13; *Cooper* v. *Reynolds,* 10 Wall. 308; Rorer on Jud. Sales, 171; Freeman on Judg. 576; Bigelow on Estoppel, 142 and 218.)

The justice's court by rendering a judgment passed upon the question of its jurisdiction. This question once de-

cided by a court having the power to decide is *res adju-dicata.* (*Clary* v. *Howland*, 6 Cal. 688; Bigelow on Estoppel, 142–144; Freeman on Judgments, Sec. 126.)

V. Jurisdiction is obtained by service of process. (Freeman on Judgments, Secs. 119–126; *Cooper* v. *Reynolds*, 10 Wall. 308.) Service is complete, when by publication, at the expiration of the time for publication. (1 Comp. Laws, Sec. 31, 283; 6 How. Pr. Rep. 47, Sec. 35; 1 Comp Laws, 286; 10 Bart. 259; Freeman on Judgments, Secs. 119–126; Van Santv. Eq. Pr. 54.)

VI. Nullities and irregularities are different things. This distinction renders a judgment void or voidable. The error complained of in this case we claim is at best a mere irregularity, in nowise rendering the judgment void; as all proceedings taken by the justice were authorized, jurisdiction obtained, and if in the exercise of that jurisdiction any unauthorized act was committed, this constitutes merely an irregularity. (4 Wait's N. Y. Pr. 629–648; McNamara on Nullities, 2, 3, 5, 6, 7, 24, 28; *Forbes* v. *Hyde*, 31 Cal. 349; *Ex parte Gibson*, 31 Id. 619.)

VII. We hold the term business manager to be synonymous with the statutory one of managing agent. "Manager."—Webster says this term is synonymous with the words "care, charge of," etc. "Business" means "employment," or "occupation." "Agency" means "business of one intrusted with the concerns of another"—synonymous with "management." In construing statutes, the meaning and intent of the legislature is to be searched for, and synonymous terms are to be construed as within the language of the act. (Smith's Stat. Con. 634, Secs. 491, 482–532.)

VIII. The officer's return is not traversable; it proves all it recites. (*Rowe* v. *Table Mountain Water Co.*, 10 Cal. 441; *New York & Erie R. R. Co.* v. *Purdy & Adams*, 10 Barb. 574; *Hinckley* v. *Buchanan*, 5 Cal. 56; *Peck* v. *Strauss*, 33 Cal. 679; 1 Hilton, 260; *Bissell* v. *Denison*, 14 Johns. Rep. 483; *Putnam* v. *Man*, 3 Wend. 202.)

IX. Irregularity in the service of summons does not render a judgment void for want of jurisdiction. (*Dorente*

v. *Sullivan*, 7 Cal. 279; *Peck* v. *Strauss, supra; Whitwell* v. *Barbeir*, 7 Cal. 58; *Drake* v. *Duvenick*, 45 Cal. 455.)

X. Our statute makes a justice's docket primary evidence of the facts it is required to show. (1 Comp. Laws, Sec. 563, 1624.)

XI. On a question whether a letter addressed to the defendant at the city of his residence was received by him, a ruling that proof of the mailing of the letter was *prima facie* evidence of its receipt, subject to rebuttal by evidence of its nonreceipt, held correct. (*Huntley* v. *Whittier*, 105 Mass. 391; 1 Greenleaf on Ev., Sec. 40; *Groton* v. *Lancaster*, 16 Mass. 110–112; *Oaks* v. *Weller*, 16 Vt. 63; *Russell* v. *Buckley*, 4 R. I. 525; *Callan* v. *Gaylord*, 3 Watts, 321, and other cases.)

Even if the summons fails to designate the court, if the complaint served with it does so, it has been held to be sufficient. This proves the rule that the court will always uphold a judgment, if it appears that the defendant in any manner received the notice required. (*Yates* v. *Blodgett*, 8 How. Pr. 278; *Webb* v. *Mott*, 6 Id. 439; *Hewett* v. *Howell*, 8 Id. 345; *Crane* v. *Brannan*, 3 Cal. 192; Estee's Forms, 1.)

XII. When the fact of mailing is proven, the end and scope of the law is reached. This technical objection, to have any weight at all, should have been made in the court below. As long as the plaintiff allowed us to prove this fact in another manner without objection, they cannot now be heard for the first time.

XIII. Statutory provisions prescribing duties relative to dockets, transcripts, etc., are merely directory, and the omission to perform such duties will not invalidate a judgment. (*Sears* v. *Burnham*, 17 N. Y. 445; 2 Bradf. 394.)

A justice's docket proves itself, but it is also competent to admit parol evidence of residence and such jurisdictional facts as are not required to be entered in the docket. (*Jelly* v. *Folty*, 34 Cal. 326; *Blair* v. *Hamilton*, 32 Id. 50; *Hamilton* v. *McDonald*, 18 Cal. 130.)

XIV. The doctrine is well settled that the deed of a *bona fide* purchaser cannot be collaterally attacked or set aside

for *any* irregularity in connection with the sale or the proceedings anterior to the judgment. (Rorer on Judicial Sales, Sec. 901; *Goodwin* v. *Mix,* 38 Ill. 116.)

XIV. Defendant was a *bona fide* purchaser. He was placed in possession by the officers of the law, under legal process from a court of competent jurisdiction.

The plaintiff, after allowing the defendant to improve the property to the value of nine hundred dollars—in the night, with force of arms and a multitude of people, entered by force and expelled the defendant. At common law, if a man had a right of entry, he was permitted to enter by force of arms and to retain his possession by force. This is now forbidden by statute; the statute of forcible entry and unlawful detainer was provided to meet this class of cases. (5 Wait's Pr. 292-3; 4 Hand, N. Y. 152.)

*Charles H. Bryan,* also for Appellant.

I. A judgment is not void because rendered before or after the return day named in the summons; it is only liable for irregularity. (Freeman on Judgments, 126, 127, note 2; *Glover* v. *Holman,* 3 Heisk, 519; *West* v. *Williamson,* 1 Swan, 277.)

II. When there has been an insufficient publication, or no publication at all, the proceedings are not void. (Freeman on Judgments, 126, 127, note 1; 15 Ohio, 435; 6 Vermont, 586; 3 Denio, 167; 3 Wisconsin, 773.)

III. Plaintiff waived all irregularities by its delay in bringing this suit. (Freeman on Judg. 102; 1 Johns. Cas. 248; 10 Wendell, 560; 20 Wisconsin, 265; 27 Cal. 300; 34 Cal. 391; 20 Cal. 81; 26 Cal. 149; 14 How. Pr. Rep. 380; 4 Comstock, 521–525.)

*Mesick & Seely,* for Respondent.

I. The judgment of the justice's court on which defendant relies, and the sale made thereunder, are null and void for want of jurisdiction in the court over the person of the defendant in the judgment. The record shows that the defendant was a foreign corporation, and attempt was made

in the suit to acquire jurisdiction over the person of the defendant by substituted or constructive service of the summons in the cause under the provisions of the practice act.

The first summons, with the return thereon, is clearly insufficient to support the judgment. "Business manager" is not such a person as the act allows substituted service to be made upon when a corporation is sued. Those terms do not import a "managing agent," or any agency of the corporation. A foreman under a superintendent or "managing agent" might be a "business manager," and so of any subaltern subject to the ultimate or immediate control of a "managing agent." By the terms "managing agent," the statute plainly intends a person whose relation and connection are directly with the corporation, constituent or principal, and whose authority is derived directly from it; and not one whose relation is only to some business of the corporation, as a mere director or manager of such business.

II. The attempted service of the second summons by publication and deposit in the post-office were clearly insufficient. (*Galpin* v. *Page*, 18 Wall. 369; *Jordan* v. *Giblin*, 12 Cal. 100; *Ricketson* v. *Richardson*, 26 Cal. 149; *McMinn* v. *Whelan*, 27 Cal. 300; *Mallett* v. *Uncle Sam S. M. Co.*, 1 Nev. 198; *Sollers* v. *Lawrence*, Willis, 416.)

III. The copy of summons deposited in the post-office was not directed to the defendant in the suit at all. A direction to "Robert Apple, managing agent, or W. H. Martin, secretary," of the company, was in no legal sense any direction to the company, but only a direction to those persons, both by name, and by a farther designation which is only *descriptio personam.*

IV. There is, and was, no competent evidence of the making of any deposit whatever in the post-office. Proof of this act, in the manner directed by statute, was just as indispensable to jurisdiction as proof of publication. (Pr. Act, Secs. 519–33.) The record of the judgment does not show, and it is not pretended that there ever existed, any affidavit of a deposit having been made of a copy of the summons in the post-office, yet the act says that the fact of

deposit as well as of publication shall be proved by affidavit, and this mode is to the exclusion of all others.

The entry in the justice's docket of the fact of a deposit in the post-office, is no proof of the act.   Such entry is not one to be made in the docket (Pr. Act, Sec. 562), and if so made the docket is no evidence that the deposit was made (Pr. Act, Sec. 563), and if consulted it does not show any compliance with the statute or the order of publication.

It is not sufficient that the facts necessary to jurisdiction all existed, but this must appear by the record.   Upon the question whether the judgment is valid or void upon its face, the existence of competent proof of the jurisdictional facts in the record is far more important than the existence of the facts themselves.   (11 Cal. 379; Willes, 416.)

V. Plaintiff's possession was of such a character as to give it the right to maintain this action.   And even if by fraud or force it got the possession, that is no defense in the case.   (*Gordon* v. *Calderwood*, 32 Cal. 109; 45 Cal. 519; 26 Cal. 314.)

By the Court, Beatty, J.:

The complaint in this action is verified, and contains the following allegations: That the plaintiff is a California corporation; that it is the owner and in the actual and exclusive possession of certain mining ground situated in Storey County; that defendant claims an estate in the premises adverse to the plaintiff; that his claim is based solely upon the proceedings in a certain action in a justice's court of Virginia City, brought by the defendant Marsano against the corporation, plaintiff in this action; that these proceedings (which are recited in the complaint) cast a cloud upon plaintiff's title; that the defendant has no estate in the premises, and his claim thereto is inequitable for the reason (among others) that the judgment under which he claims, and consequently the execution, levy, sale and constable's deed made in pursuance of it, are void for want of jurisdiction of the person of the defendant in the action.

The complaint concludes with the following prayer:

"Wherefore, plaintiff prays that said defendant herein may be required to answer this complaint and set forth and show to this Court, upon what and how he claims an estate in said mining claim and premises, and thereupon that the said defendant be adjudged to have no estate in the same and that his claim thereof is invalid, and that the said deed and proceedings aforesaid are a cloud upon plaintiff's title to said premises, and that the same be removed," and for general relief.

The defendant, in his answer, denies that plaintiff is a corporation, but admits its possession of the premises, and that he claims an estate therein adverse to the plaintiff, based upon the proceedings had in the action in the justice's court. These proceedings he sets forth at large, showing the attempts made by the justice of the peace to obtain jurisdiction of the person of the defendant, the judgment by default, execution, levy, sale and constable's deed. He further alleges that he remained in peaceable possession of the premises, under his deed, from April to December, 1874, expending labor and money in the development and improvement of the property, and that he was then forcibly ejected by the plaintiff. He prays to be adjudged the owner of the premises, for costs and general relief.

Upon these pleadings the parties went to trial. The plaintiff proved its incorporation, read the complaint and answer, and rested its case. The defendant moved for a nonsuit, which motion was overruled. The defendant then put in evidence his deed, and the papers and proceedings in the case of *Marsano* v. *The Scorpion S. M. Co.*, in pursuance of which it was executed. In addition to these papers he offered certain oral testimony for the purpose of showing service of the summons in that case, and testimony to prove that he went into possession of the premises in controversy under his constable's deed, worked upon them, and was so engaged when he was forcibly ejected by plaintiff's servants.

Upon this testimony the case was submitted to the court. Findings were filed in favor of plaintiff, and judgment

entered accordingly. The defendant moved for other and additional findings and for a new trial, which motions were overruled; and he takes this appeal from the judgment and the order overruling his motion for a new trial.

In support of his appeal the defendant argues, that the plaintiff ought not to be allowed to maintain this action because it obtained the possession of the premises upon which it relies, by illegal means—that is, *vi et armis*. But we think this objection cannot be maintained, for if this is an action to remove a cloud upon the title of the plaintiff, possession of the premises is not essential to enable the plaintiff to recover, and if it is an action brought in pursuance of the provisions of section 256 of the practice act, the mode of acquiring possession is of no consequence. The statute gives the right of action to any person in possession, irrespective of the mode by which possession has been acquired. We are not authorized to create exceptions, or impose limitations which the statute does not recognize, and can perceive no good end to be subserved by doing so, even if we had the power. The following cases are cited in support of this view: 32 Cal. 109; 45 Id. 519; 26 Id. 314. As to other suggestions made in this connection, on the argument, we believe it is not seriously contended that an estoppel has been either pleaded or proved, and certainly none has been.

The next point relied upon by the appellant is, that the court erred in overruling his motion for a nonsuit, and he relies upon the authority of *Blasdel* v. *Williams* (9 Nev. 161) in support of his position. In the written argument filed by counsel for respondent they take no notice of this point or of the case referred to in support of it. On the oral argument, if we remember rightly, they took the position that this case was essentially unlike that of *Blasdel* v. *Williams*, and that the points there decided have no application here. But after mature consideration we are unable to discriminate the two cases, and if the decision of *Blasdel* v. *Williams* is law, we do not perceive how this judgment can be sustained. The leading principle laid down in that case, and

from which the point decided is a mere deduction, is expressed in the following language: "A defendant in an ordinary suit is not to be brought into court except upon a cause of action against him; that cause, under the statute here in question" (section 256 of the civil practice act), "is the assertion of a claim to real property prejudicial to the plaintiff. Certainly it devolves upon the plaintiff to show such assertion and its prejudicial effect, *which can alone follow from a claim in semblance valid, in reality void.*" That is to say, under the statute, as before it and independent of it, in a suit to remove a cloud upon title, it is essential that the plaintiff shall plead and prove a claim by defendant which has the semblance of validity, *prima facie,* but is in reality void by reason of extrinsic facts, which must likewise be pleaded and proved by the plaintiff, even though this should involve the necessity of proving a negative. Now, if this is the law, we say again that we do not perceive how this judgment can be sustained; for if the complaint shows that the claim of defendant is invalid at all, it shows that it is void absolutely and upon its face. And if the answer shows anything in addition to this, it shows that the claim of defendant, though apparently invalid, is in reality good; so that when the plaintiff rested on the pleadings, it had pleaded and proved itself out of court, and no testimony was offered by the defendant on his part which had the slightest tendency to mend the plaintiff's case. It results, therefore, that we are under the necessity of deciding whether we will adhere to the rule of *Blasdel* v. *Williams* or abandon it, and we must express our regret that the views entertained of this case by counsel for respondent force us to make the decision without the benefit of a reargument of the important questions involved. We regret this the more because the investigation which we have been able to make for ourselves has forced us to the conclusion that the decision referred to is not only unsustained by satisfactory reasons, but is opposed to the overwhelming weight of authority, and is not law. It is our opinion that, under a proper construction of this statute, it is not necessary for

the plaintiff to set out specifically the character of the adverse claim, and that the burden is upon the defendant, if he admits plaintiff's possession, or does not disclaim, to plead and prove a good title in himself. This conclusion disposes of a variety of points made by appellant as to the insufficiency of the pleadings and proofs on the part of the plaintiff, and brings us to the principal and only remaining question in the case.

Did the defendant plead and prove a good title to the premises?

His title is the constable's deed, and its validity depends upon the validity of the judgment of the justice of the peace in the action of Marsano against the Scorpion S. M. Co. That judgment is void if the justice of the peace had no jurisdiction of the person of the defendant, and it must be found that he had no such jurisdiction unless it is affirmatively shown that there was an actual or constructive service of the summons. (See *Mallett* v. *Uncle Sam*, 1 Nev. 198.) It is not claimed that there was any actual service, and the defendant, relying solely upon a constructive service, was bound to prove a strict compliance with some one of the modes prescribed by the statute for obtaining constructive service. Did he do so? In deciding this question, we concede for the sake of the argument (but without determining the point) that where the docket and papers on file in a case do not show the facts necessary to confer jurisdiction, they may be aided by proof *aliunde;* for taking all the testimony offered by defendant, and giving it the most ample effect, it does not prove any substantial, and much less a liberal compliance with the statute in the attempted service of the summons. The original summons in the action was issued July 22, 1873, and made returnable July 31, at 10 o'clock A. M. The only evidence of service of this summons offered or relied upon by the defendant was, 1st. The constable's return, together with an attempt to prove that the person named in the return was the managing agent of the corporation; and 2d. An entry in the justice's docket. The constable's return,

which was indorsed on the original summons, reads as follows:

"I hereby certify that I have served the within summons by delivering a true copy thereof to Thomas Brooks, *business manager* of Scorpion Company, in Virginia City, at the county of Storey, this 23d day of July, A. D. 1873.

"J. D. BALDWIN, Constable."

The only testimony offered by the defendant as to the agency of Brooks was the following certificate:

"VIRGINIA CITY, July 19, 1873.

"This is to certify that Mr. Marsano has worked thirty-eight (38) days for the Scorpion M. Co., at $4.00 per day— $152.00.

"ROBERT APPLE, Superintendent,
"By T. BROOKS."

The statute makes the delivery of a copy of the summons to the "*managing agent*" of a foreign corporation service upon the corporation, but it does not mention "*business manager*" of a corporation in that connection. It is contended, however, that "business manager" and "managing agent" mean the same thing, and to name the one is to name the other, and consequently that the return of the officer by itself shows a service by delivery of copy of summons to the "managing agent" of the defendant. If this is not admitted, it is further contended that the certificate signed by Brooks for Apple shows that he was in fact the managing agent of the corporation.

But we cannot assent to either proposition. The certificate above quoted, so far from tending to prove that Brooks was managing agent of the Scorpion S. M. Co., has a directly opposite tendency. It proves that Apple was such agent and that Brooks was his subordinate, having authority merely to sign his name. And if we disregard the certificate altogether, the constable's return—considered as unimpaired, as it certainly is unaided, by the other testimony —does not show a service by delivery to the *managing agent.* Courts must know, and constables must be presumed to

know, what the legislature means by the term *managing agent*, but we cannot know what a constable means by a designation unknown to the law; and if we are to indulge in any presumptions on the subject, we ought to presume that the officer did not write "business manager" by mistake, while intending to write *managing agent*, but that he did so advisedly and *ex industria*, because he knew that Brooks was not the person meant by the statute. This disposes of the constable's return. The entry in the justice's docket relied on to prove a service reads as follows: "Summons served on Thos. Brooks, business manager, etc., of defendant at the city of Virginia, July 23, 1873," etc. This entry proves nothing. The docket of the justice is only primary evidence of those facts which it is required to contain, and it is not required to contain any finding that summons has been served; it is only required to contain the date of the summons and the time of its return. (See Pr. Act, Sec. 562, and 15 Cal. 300.)

There was, then, no evidence of service of the original summons, and in point of fact the justice of the peace must have so decided, for it appears that on the return day of the summons, the plaintiff made an affidavit for service by publication, and the justice made his order accordingly and issued an *alias* summons commanding the defendant to appear and answer on the 8th of September, at ten o'clock A. M. The affidavit upon which this order was based sets forth, *inter alia*, "That said defendant has no president, cashier, secretary, managing agent, or other head within this State, defendant being an incorporation, incorporated under the laws of the State of California, having its principal place of business in the city of San Francisco." The order thereupon made, directs publication in the "Territorial Enterprise" for the proper period, "and that a copy of the summons and complaint in said action be deposited in the United States post-office at Virginia City aforesaid, directed to said defendant and W. H. Martin, secretary thereof, at San Francisco, California, Lock Box 1550, office No. 534 California street, postage prepaid."

In pursuance of this order, a copy of the summons was published in the "Enterprise" for the requisite period, but by mistake the time for appearance was printed twelve o'clock, September 8th, instead of ten o'clock of that day. This publication was properly proved by affidavit made and filed on the 8th of September; and, for the purposes of this decision, it will be conceded that the mistake of printing twelve o'clock instead of ten o'clock, and the subsequent entry of judgment by default at eleven o'clock, belong to that class of irregularities in the service of process and conduct of proceedings for which the judgment of an inferior tribunal cannot be collaterally attacked, and consequently that this judgment and the proceedings thereunder would be sustained, if it were not liable to more serious objections.

But it was necessary not only to publish a copy of the summons, but to deposit another copy in the post-office directed to the defendant at San Francisco; and the statute prescribes that such deposit shall be proved by affidavit. Now, there never was any affidavit filed in the justice's court showing this fact. But on the trial of this action in the court below, defendant was allowed to prove by the justice of the peace, without objection, that he, the justice, himself deposited the papers in the post-office on the 1st day of August, of which fact he made a memorandum in his docket. The appellant insists that the failure of the respondent to object to this proof when it was offered, concludes it upon this point. But he misapprehends the position of respondent, which is, that it was not sufficient for him to show an actual deposit in the post-office, but he was bound to show that the justice had competent proof of the fact before him when he entered the default of the Scorpion Company. In other words, that the proceedings of the justice must show upon their face that he had jurisdiction, at least so far as the statute prescribes that the proof shall be made in the form of affidavit, or by other documentary means.

Waiving this point, however, and conceding, as we have

said we would, for the purposes of this case, that it is not essential that the proceedings should show on their face every fact necessary to confer jurisdiction, or even those facts for which the statute prescribes documentary proof; and, assuming that a justice of the peace, when he makes the deposit of the copy of summons in the post-office himself, may dispense with an affidavit to the fact, and that it may be established at any time when his judgment is attacked by proof *aliunde*, the question remains, Did the testimony show a compliance with the law? We think not.

The only testimony upon this point which we are able to discover in the record is that of the justice of the peace, to the effect that he deposited a true copy of the complaint and summons in the post-office, addressed as stated in his docket. The entry in his docket is as follows: "Copy of summons and account mailed August 1, 1873, to Robert Apple or W. H. Martin, San Francisco, Cal." Clearly this was not a compliance with the law, which required the summons to be directed to the defendant. The defendant was the Scorpion Silver Mining Company, and when the justice of the peace made the order of publication, and deposited a copy of the summons in the post-office, there was no evidence before him that either Apple or Martin was connected with that company in any manner or in any capacity whatever. It is true that on the trial of this case, in the court below, testimony was admitted going to show that in July, 1873, Apple was superintendent of the Scorpion Company, but there was not the slightest evidence that he lived or was in San Francisco at that time, and no presumption consequently that he received the summons. Testimony was also admitted showing that Martin was at the time of the trial (1875) secretary of the company, and that he resided in San Francisco in 1873, but there was nothing to show that he was secretary of the company in 1873, and nothing consequently upon which to build an argument that a direction of the summons to the secretary of the company is the same as a direction to the company itself. The letter from Martin to Marsano, dated in 1873, does not tend in

the remotest degree to prove that he was then secretary of the Scorpion Company.   Martin does allude in the letter to "our company," and appends to his signature the word secretary, but the name of the Scorpion Company does not appear in the letter from beginning to end.   On the contrary, the heading of the letter (which is as follows:

W. H. Martin, Gen. Agent,        California Immigrant Union,
    Lock Box 1550,
       San Francisco, Cal.           Office 534 California Street,)

goes rather to prove that "our company" was the California Immigrant Union.   And if the summons had been directed as prescribed in the order of the justice of the peace, we could only presume from this proof that it would have been received at the office of the California Immigrant Union, or deposited in the lock box of W. H. Martin, general agent.

Upon the whole, we conclude, as above stated, that in the case upon which the defendant relies there was not only not a strict, but not even a substantial compliance with the provisions of the statute authorizing constructive service of summons; and, consequently, that all the proceedings were void.   We have not thought it necessary to refer to the authorities which sustain the various points decided, because they are very numerous and almost unopposed.   And we have omitted to pass upon many of the objections made by the respondent to the validity of the judgment in the case of *Marsano* v. *Scorpion Company,* because our conclusion upon the points discussed renders it unnecessary.

The judgment and order appealed from are affirmed.