3   185
s22c 151

3   185
30s 313

## AMTER, APPELLANT, v. CONLON, APPELLEE.

1. APPELLATE PRACTICE.

There are few exceptions to the general rule that appellate tribunals will not disturb judgments because of the insufficiency of proof, where they rest upon conflicting testimony and there is enough in the record to support the conclusion.

2. PLEADING—QUIETING TITLE.

It is not incumbent upon the plaintiff in an action to quiet title to set forth in the complaint the claim or estate asserted by the defendant, ·the nature of the claim, or the facts which demonstrate its invalidity.

3. SAME.

An allegation in such a complaint that the defendant claims an adverse estate or interest is sufficient, without further defining it, to put him to a disclaimer, or to allegation and proof of the estate and interest which he claims.

*Appeal from the District Court of Arapahoe County.*

Messrs. SULLIVAN & MAY, for appellant.

Messrs. COE & FREEMAN, for appellee.

BISSELL, J., delivered the opinion of the court.

· This litigation sprung out of the attempt by Marks Amter, the appellant, to subject certain real property which stood in the name of the appellee, Mrs. Conlon, and of which she claimed to be the owner, to the payment of a judgment which Amter had recovered against Daniel Conlon, the appellee's husband. Counsel suggest but two considerations in support of their contention that the judgment should be reversed. One rests solely upon the insufficiency of the complaint, and the other on the inadequateness of the testimony to support it. This removes the necessity otherwise than in the briefest manner to state the case made by the record. In March, 1889, Mrs. Conlon was the grantee by deed from the then owner of the premises which are the subject-matter of the

suit. Subsequently, Amter recovered a judgment against Daniel Conlon, indemnified the sheriff, caused his execution to be levied on the property, had it sold, and became the purchaser. To remove the apparent cloud upon her title, Mrs. Conlon brought this action against Amter and substantially stated: That she held the fee simple title, that the defendant claimed an interest and an estate in it adverse to her, and alleged that his claim was without right, and that he was without estate or interest. Her complaint closed with the usual and requisite prayer. The defendant demurred on the general ground of insufficiency. When this demurrer was overruled he answered, setting up the recovery of his judgment, the levy of the execution and sale of the property, and averred that Daniel, the husband, was really the owner of the estate, and that the title was taken in Mrs. Conlon's name to hinder and delay his creditors. This statement is sufficient to indicate the points made, and the basis of the decision. With reference to the error based on the inadequacy of the proof to support the decree, it is enough to say that with this contention we have no concern. There is enough evidence in the record to support the finding of the court, and to justify the decree. There are very few exceptions to the general rule, that appellate tribunals will not disturb judgments because of the insufficiency of the proof, where the decree rests upon conflicting testimony, and there is enough in the record to support the conclusion.

There is little more trouble with the second proposition. Under our statute an action may be brought by any person in possession against another who claims an estate therein adverse to him. The appellant contends that, to entitle a plaintiff to maintain an action under this statute, it is incumbent on him to set forth in his complaint the claim, or the estate asserted by the defendant, and to show by proper averments, not only the nature of that claim, but the facts which demonstrate its invalidity. Some of the earlier decisions doubtless held this to be the rule, and required the pleader, as in ordinary equitable actions, to set out what the estate

was, and what the defendant's claims might be. The later authorities, which seem to have more carefully regarded the intent and the purpose of the statute, have adjudged these allegations to be totally unnecessary. A complaint almost identical in form, and certainly identical in substance, has been sustained by several well considered cases. In the case of *Ely v. R. R. Company*, cited below, the court said: "An allegation, in ordinary and concise terms, of the ultimate fact that the plaintiff is the owner in fee is sufficient, without setting out matters of evidence, or what have been sometimes called probative facts, which go to establish that ultimate fact; and an allegation that the defendant claims an adverse estate or interest is sufficient, without further defining it, to put him to a disclaimer, or to allegation and proof of the estate and interest which he claims, the nature of which must be known to him, and may not be known to the plaintiff." This decision accords with the intent and purpose of the act which is to compel the defendant to make a showing of the title which he asserts, and enable the plaintiff, while the evidence is still in existence, to establish the validity of his title, and free it from the apparent cloud which the defendant claims covers it. *Ely v. New Mexico & Arizona R. R. Co.*, 129 U. S. 291; *The Scorpion Silver Mining Co. v. Marsano*, 10 Nev. 370; *Rough v. Simmons*, 65 Cal. 227.

The judgment cannot be disturbed for lack of proof, and the complaint stated a cause of action.

The contention in respect of these matters not being well founded, and no other error being called to the attention of the court, the judgment will be affirmed.

*Affirmed.*