AMTER v. CONLON.

1. QUIETING TITLE—PLEADING.
It is not necessary in a complaint to quiet title to allege or define the nature and character of the adverse claim.

2. SAME.
One who is in possession of premises by tenant may maintain an action to quiet the title thereto. The fact that the tenant occupies rent free is of no significance.

*Error to the Court of Appeals.*

Messrs. SULLIVAN & MAY, for plaintiff in error.

Messrs. COE & FREEMAN and Mr. J. H. REDDIN, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

This is an action brought by the defendant in error against the plaintiff in error to quiet her title to lot 19, in block 3, of H. Witter's addition to the city of Denver, under sections 255 and 256 of the Code of Civil Procedure, 1887, which provide:

" SEC. 255. An action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an estate therein adverse to him, for the purpose of determining such adverse claim, estate or interest.

" SEC. 256. If the defendant in such action disclaim in his

answer, any interest or estate in the property, or suffer judgment to be taken against him without answer, the plaintiff shall not recover costs."

Her complaint in substance alleges that she is the owner in fee simple and in possession of the lot; that the plaintiff in error claims an estate or interest therein adverse to her, and that such claim is without any right whatever. To her complaint the plaintiff in error interposed a demurrer upon the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer was overruled, and plaintiff in error answered by a general denial and by an affirmative defense, setting up a claim to the property by virtue of a certificate of sale issued to him by the sheriff in pursuance of a sale of the lot under a judgment against the husband of defendant in error. To this answer a replication was filed. Thereupon plaintiff in error moved for judgment upon the pleadings, which was denied. The case was tried to the court, which found the issues in favor of defendant in error, and that she was the owner in fee simple of the premises and in possession of the same at the time of the commencement of the suit; that plaintiff in error had no estate, right, title or interest in the premises, and rendered judgment accordingly. On an appeal to the court of appeals the judgment of the district court was affirmed. To reverse this judgment, defendant below brings the case here on error. For a more elaborate statement see *Amter v. Conlon,* 3 Colo. App. 185.

The assignments of error present but two questions: First, whether the complaint states facts sufficient to constitute a cause of action; and, second, whether the testimony is sufficient to sustain the findings of the district court. In support of the first proposition, counsel contend that the complaint is defective in not setting forth the nature and character of plaintiff in error's claim to the premises in question. This claim, we think, finds no support in reason or in the authorities. The manifest purpose of the statute is to enable one who is the owner and in possession of real property to

bring into court one who asserts an adverse claim or interest therein, for the purpose of having such claim subjected to judicial investigation and determination; and upon allegation that he is the owner in fee simple and in possession, without defining such adverse claim, require the one who asserts it to either disclaim or allege and prove the estate or interest which he claims. *Ely v. New Mexico & Ariz. R. R. Co.*, 129 U. S. 291; *Stark v. Starrs*, 6 Wall. 402; *Curtis v. Sutter*, 15 Cal. 259; *Rough v. Simmons*, 65 Cal. 227; *Wall v. Magnes*, 17 Colo. 476.

The complaint therefore stated a cause of action, and the court properly overruled the demurrer thereto and the motion for judgment on the pleadings.

Second. Upon an examination of the testimony contained in the record, we are satisfied that the second proposition is also without merit. We find no substantial contradiction of the testimony introduced by defendant in error in support of her ownership of possession. The fact that her husband was in possession of the lot, carrying on his trade as blacksmith, by her permission, is uncontradicted. The fact that he so occupied it free of rent is of no significance. He was none the less her tenant.

Upon an examination of the record, we are satisfied that the rulings of the trial court presented for our consideration were correct, and its findings amply sustained by the evidence, and that its judgment, and the judgment of the court of appeals, should be affirmed.

*Affirmed.*