[No. 4245.]

SCHLAGETER V. GUDE.

**1. Quiting Title—Pleading.**

In an action to quiet title a complaint which substantially alleges that plaintiff is the owner and in possession of the premises to which title is sought to be quieted, and that defendant claims an interest or estate therein adverse to plaintiff which is without any right or foundation, is sufficient to state a cause of action. It is not necessary in the complaint to deraign the title relied on by plaintiff, nor to specifically set out the character of the adverse claim of defendant.

**2.  Same—Limitation.**

In an action to quiet title where the complaint alleged that plaintiff was the owner and in possession of the premises, and defendant answered, pleading title in himself, a replication by plaintiff stating facts which would avoid defendant's title and establish title in plaintiff under the seven years statute of limitation was proper pleading.  Plaintiff was not required to antici- pate what title defendant would set up, and plead facts in avoid- ance thereof in the original complaint.

**3.  Conveyance—Color of Title—Limitation.**

A conveyance executed by a grantor to a grantee which describes the land intended to be conveyed, and in apt words purports to convey it, though in reality no actual title is passed, gives color of title based upon a paper title to the land de- scribed, and is sufficient to support a claim of title under the seven years statute of limitation.

**4.  Appellate Practice—Assignment of Errors.**

On review, a consideration of the errors assigned will be limited to the grounds of error to which the attention of the trial court was directed.

*Error to the District Court of Lake County.*

Defendant in error, as plaintiff, brought an ac- tion in the court below against plaintiff in error, as defendant, to quiet title to a lot.  In her complaint she alleged, in substance, that she was the owner and in possession of the premises in question, and that the defendant claimed an estate or interest therein ad- verse to her, but had none.  The defendant answered, admitting the possession of plaintiff, and set up title in himself.  To this answer plaintiff filed a replica- tion which, so far as necessary to notice, averred, in substance, that she and her grantor had been in the undisputed, peaceable possession of such premises in good faith, under color of title based upon convey- ances, for more than seven successive years, and dur- ing that period had paid all taxes assessed against the same.  The defendant moved to strike this re- ply, for the reason that it stated matters which should have been set out in the complaint, and could

not be pleaded in a reply. This motion was denied. Over the objection of defendant, that the complaint did not state a cause of action, plaintiff introduced a deed conveying the lot to her grantor, and also a deed for such premises from her grantor to herself. She also introduced testimony which established that she and her grantor had been in the actual, undisputed and peaceable possession of such premises under such conveyances for more than seven successive years, and during that period had paid all taxes assessed against such premises. This testimony was undisputed. On behalf of defendant testimony was introduced from which it appeared that the naked legal title to the premises was vested in him. From a decree in favor of plaintiff the defendant brings the case here for review on error.

Mr. A. J. STERLING and Mr. A. LYNCH, for plaintiff in error.

Mr. L. M. GODDARD and Mr. S. C. WARNER, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The main questions presented by counsel for defendant can be determined by a discussion of the following propositions: (1) Does the complaint state a cause of action? (2) Did the court err in overruling the motion to strike the replication? (3) Should the objection to the introduction of plaintiff's testimony have been sustained? (4) Did plaintiff establish a color of title based upon conveyances?

1. In an action to quiet title it is sufficient to allege, substantially, in the complaint that the plaintiff is the owner and in possession of the premises the title to which is sought to be quieted, and that the party made defendant claims an interest or estate

therein adverse to the plaintiff, which is without any foundation or right whatever. These are the ultimate facts which the plaintiff in such an action is required to state, and it is unnecessary in the complaint to deraign the title relied upon. Neither is it necessary to set out specifically the character of the adverse claim of the defendant. That is a matter for the latter to plead. The plaintiff may not know upon what title the defendant asserts his claim to the premises in dispute, but even if he did, the defendant would not be bound by any alleged title which the plaintiff set up for him, because it is his privilege, alone, to plead the title upon which he relies to establish his rights. The complaint was sufficient. *Amter v. Conlon,* 3 Colo. App., 185; affirmed, 22 Colo., 150; *The Scorpion S. M. Co. v. Marsano,* 10 Nev., 370; *Rough v. Simmons,* 65 Cal., 227; *Ely v. N. M. & Ariz. R. Co.,* 129 U. S., 291.

2. The very nature and object of an action to quiet title under our code provisions on the subject— sec. 255—is to enable the owner in possession of real property to bring into court one who asserts an adverse claim or interest therein, in order that such claim may be determined. When a complaint states a cause of action having for its object this purpose, the party made defendant must appear and plead his title, if he intends to assert one against the plaintiff. *Wall v. Magnes,* 17 Colo., 476; *Amter v. Conlon,* 22 Colo., 150; *The Scorpion S. M. Co. v. Marsano, supra.*

This was what the defendant did in the case at bar by pleading that the title was vested in him. Then, and not until then, was plaintiff advised of the nature of defendant's claim, or that he would, in fact, assert any. She could not anticipate what title he might set up, but when he did so, it was incumbent upon plaintiff to plead facts which would avoid his title, and establish one in her. A replication stating

facts having this legal effect was, therefore, necessary; otherwise, the interest of the defendant in the premises stood admitted,—the very question which the action, with issues properly framed, was brought to determine. This question is mooted, but not decided, in *Security & Bond Co. v. Wolfe,* 27 Colo., 218. The reply of the plaintiff stated facts which, if established, would defeat the title set up by the defendant, and vest it in her. This pleading was directed entirely to the answer. It constituted no part of the complaint. It did not in any manner depart from the cause of action or the case originally pleaded, but was, in effect, an answer, pure and simple, to the issues tendered by the answer of the defendant, upon which he relied to establish his superior right to the premises in dispute. The court did not err in overruling the motion to strike.

3. The discussion of the preceding questions disposes of the objections urged in the court below to the introduction of the testimony received on behalf of the plaintiff. The complaint stated a cause of action. The replication averred the facts upon which the plaintiff relied to establish her ownership of the premises, and to defeat the title set up by the defendant. The testimony objected to was competent, because it tended directly to establish these facts.

4. A conveyance executed by a grantor to a grantee which describes the land intended to be conveyed, and in apt words purports to convey it, though in reality no actual title is passed, gives color of title, based upon a paper title, to the lands described. *DeForesta v. Gast,* 20 Colo., 307; *Brooks v. Bruyn,* 35 Ill., 392; *Fagan v. Rosier,* 68 Ill., 84; *Swift v. Mulkey,* 21 Pac., 871; *Rawson v. Fox,* 65 Ill., 200; *Latta v. Clifford,* 47 Fed., 614.

The deeds introduced by plaintiff were sufficient upon which to base color of title.

Objection was made to a tax deed introduced by plaintiff. Whether this deed was valid or invalid is immaterial. The trial court expressly excluded it from consideration in determining the rights of the parties, and the facts established by the undisputed testimony were amply sufficient to support the judgment rendered; in fact, under the testimony, no other judgment could have been pronounced.

Other objections to testimony admitted are also urged, which we have not noticed for the reason that they are either manifestly without merit, or the errors assigned thereon are not based upon the objections made in the court below. On review a consideration of the errors assigned will be limited to the grounds of error to which the attention of the trial court was directed.

The judgment of the district court is affirmed.

*Affirmed.*