Elbert T. Gallagher, J.
This is a motion by the plaintiff to dismiss each of the two affirmative defenses pleaded in defendant’s second amended answer because of legal insufficiency.
This is an action based upon a policy of title insurance issued by defendant in favor of plaintiff’s assignor and assigned to plaintiff.
The complaint alleges in substance that certain property was conveyed to plaintiff; that for a valuable consideration defendant issued its policy insuring plaintiff’s interest in the fee to said premises; that the title policy does not except from its coverage any assessments against the insured premises whereas, in fact there were certain assessments affecting said premises.
The first affirmative defense, in substance alleges that the contract of sale should be void should the plaintiff fail to disclose any material facts regarding the title to the premises; that at the time such policy was issued, it is alleged that plaintiff and her assignor husband knew that the admitted assessments were actually liens affecting the premises, but they failed to disclose the same to defendant, and that because of said nondisclosure the policy is void.
The second affirmative defense, in substance, alleges that the title policy expressly excludes from its coverage ‘ ‘ judgments again the insured, * * * liens or encumbrances created, * * * assumed or agreed to by or with the privity of the insured.” That in view of the foregoing, the said assessments were excluded from the coverage of the policy.
A title policy is in the nature of a warranty or covenant against encumbrances. “ A policy of title insurance means the opinion of the company which issues it, as to the validity of the title, backed by an agreement to make that opinion good, in case it should prove to be mistaken, and loss should result in consequence to the insured.” (Foehranbach v. German-American Tit. & Trust Co., 217 Pa. 331, 336, as quoted.)
“Mere knowledge of a defect by the insuring owner would not constitute a defense. A title insurance policy is much in the nature of a covenant of warranty of a covenant against encumbrances. Here we have held that knowledge is immaterial. We see no reason for applying a different rule as to such a policy.” (Empire Development Co. v. Title Guar. & Trust Co., 225 N. Y. 53.)
On this motion to dismiss this court must assume the truth of the allegations set forth in the affirmative defenses.
*169 The policy in question provides: ‘ ‘ Any * * * failure to disclose any material fact * * * shall void this policy.” The existence of the lien of the assessments was a material fact of which the plaintiff’s assignor had knowledge and of which there was a failure of disclosure within the provision of the contract of insurance. The parties to such a contract are free to define the loss which they intend to cover (Empire Development Co. v. Title Guar. & Trust Co., 225 N. Y. 53, supra).
While mere knowledge of a defect may not defeat a claim, under the circumstances here the failure to come forward when there was a duty to do so constitutes a defense valid in law. Motion denied.
Settle order on notice.