531 P.2d 641 (1974)
James J. BEHEN and Adelaide A. Behen, Plaintiffs-Appellants,
v.
TRANSAMERICA TITLE INSURANCE COMPANY, a California Corporation, Defendant-Appellee.
No. 74-070.
Colorado Court of Appeals, Div. II.
November 26, 1974.
Rehearing Denied December 17, 1974.
Certiorari Denied February 24, 1975.
*642 Bradley, Campbell & Carney, Victor F. Boog, Golden, for plaintiffs-appellants.
William L. Jones, Idaho Springs, for defendant-appellee.
Not Selected for Official Publication.
COYTE, Judge.
Plaintiffs commenced action against defendant Transamerica Title Insurance Company, for damages alleged to have occurred from defendant's negligent refusal to issue a title insurance commitment showing clear title in plaintiffs to their property. After trial to the court, it found that there was no liability and entered judgment in favor of defendant on the ground that there was a cloud on title to plaintiffs' property ascertainable of record and that defendant was obligated to disclose any clouds on the property in its title insurance commitment. We affirm.
On August 5, 1970, plaintiffs listed for sale the property which they had owned since 1955. Subsequently, plaintiffs and a buyer entered into a contract for sale of the property. Under the contract, plaintiffs were obligated to furnish a title insurance policy indicating that plaintiffs had a merchantable title. Plaintiffs ordered a title insurance commitment from the defendant. In a standard title search, the defendant found that there was a deed to another party recorded on November 2, 1966, with a metes and bounds description which included part of plaintiffs' property. It also checked the assessor's records and found that assessments on metes and bounds description in Clear Creek County are carried on the assessor's roll by reference to book and page of the recorded conveyances. The plaintiffs and the other party were each paying taxes on the same area included in the two conflicting recorded deeds.
While the deed in question was from a person outside of plaintiffs' chain of title, defendant felt there could be a problem if the grantee of the deed in question had paid taxes on the property covered by the deed owned by plaintiffs and made a claim by adverse possession under C.R.S.1963, 118-7-8. See Schlageter v. Gude, 30 Colo. 310, 70 P. 428. In the insurance commitment, defendant inserted the condition that plaintiffs clear this possible cloud on the title by some "legal disposition" of the portion in conflict before defendant would issue the title insurance policy. Defendant undertook to acquire a quitclaim deed from the third party. However, as a result of the cloud and the length of time required to clear the title, the buyer terminated the sales contract. Subsequently, plaintiffs were able to sell their property on less beneficial terms and filed suit against defendant for losses caused by their being unable to complete the first sale.
In general, title insurance is held to the rules applicable to other insurance. 11 G. Couch, Cyclopedia of Insurance Law § 48:108 (2d ed. R. Anderson). As long as public policy is not violated, insurance companies are permitted to decide which risks they will indemnify. This rule is enunciated in New York Life Insurance Co. v. West, 102 Colo. 591, 82 P.2d 754:
"It seems clear to us that it is within neither the intention nor the power of the legislature or courts to compel an insurance company to write a policy, or prevent it from limiting a policy written to any specific accident or class of accidents."
As stated in Lawyers Title Insurance Corp. v. Research Loan & Investment Corp., 361 F.2d 764 (8th Cir.):
"We have found no authority to support the proposition that a title insurer cannot add reasonable limiting conditions to its insurance policy. Such conditions, while requiring careful scrutiny, cannot be said to be per se violation of the basic nature of title insurance. Generally speaking, the parties to a title insurance *643 policy are free to define what losses or encumbrances they intend to cover."
Accord, Conway v. Title Insurance Co., 291 Ala. 76, 277 So.2d 890; Glickman v. Home Title Guaranty Co., 15 Misc.2d 167, 178 N.Y.S.2d 281, affirmed, 8 A.D.2d 629, 185 N.Y.S.2d 756.
The trial court found that the defendant had made a search of the record and from that search had determined that there was a cloud on the title of defendant's property. It also found that it was reasonable for defendant to add certain conditions to be performed by plaintiffs before it would insure the marketability of plaintiffs' property. The evidence supports the trial court's finding that there was no violation of any duty owed to the plaintiffs.
Judgment affirmed.
SILVERSTEIN, C.J., and PIERCE, J., concur.