ANN M. OSBORN and THOMAS OSBORN, Plaintiffs in Error, v. JACOB HORINE, Defendant in Error.

ERROR TO MONROE.

A woman, during coverture, cannot release her dower to lands of a prior husband, unless the living husband consents and approves.

THIS was a bill in chancery filed in the Monroe Circuit Court, April 30, 1854. The bill alleges that said Ann M. was the widow of Thomas Osborn, deceased, and as such entitled to dower in the lands of which he died seized ; that he was seized in his lifetime of certain lands described, in said county, which land was claimed in possession of Horine. Bill prays for the assignment of her dower in said land. On the 24th day of April, 1855, Horine filed his answer, admitting that Ann was the widow of John Moore, deceased, and that she was married to Osborn, and that Moore died seized of the lands described in the bill. Alleges that he purchased the lands of the heirs at law of Moore, for $2,800, free from the dower of said Ann. That said Ann, on the 22nd day of September, 1834, released her dower by an instrument of writing, under seal, in and for the consideration of $225, paid, and that therefore she is not entitled to dower. He also alleges, that at the time of the death of Moore, only twelve acres of said lands were in cultivation, and that since that time thirty-three acres have been improved at large expense—defendant has expended $80 in improvements, and that ever since the death of Moore the taxes have been paid by his heirs and those claiming under them. That if said release should be of no avail, the answer asks that dower may be assessed of the land as improved in Moore's lifetime, and that an account may be taken concerning the payment of taxes, etc., and that she repay, with interest, the money given for release. Sets up the statute of limitation of twenty years, and prays to be discharged, etc. ·

To this answer there was a general replication.

On the 25th of September, 1855, the cause was heard on pleadings, etc., and the bill was dismissed. The case was taken to the Supreme Court, and at the November term, 1855, the decree below was reversed, and the cause remanded.

Afterwards, on the 26th of September, 1856, the case was again heard in the Monroe Circuit Court, and on pleadings and evidence the bill was dismissed.

The evidence in the record shows that Mrs. Osborn signed a general release, without her husband, on the 22nd day of Sep-

tember, 1834.  Moore died about July, 1833, and his widow married Osborn in the summer of 1834.

UNDERWOODS, for Plaintiffs in Error.

G. KOERNER, for Defendant in Error.

CATON, C. J.  Mrs. Osborn was entitled to dower in the premises in question, by virtue of the seizin of her former husband, during her coverture, by him.  After her marriage with Osborn, she released this right of dower, without her husband joining in the release, and the only question is, whether this was a valid release.  It may be that our statute did not authorize her to release this dower interest by joining in a conveyance for that purpose with her present husband.  Upon this point we give no opinion, but we are very clear that if it did not, the right of dower in her was inalienable.  Her state of coverture was, by the common law, that of incapacity to part with this or any other right by her sole act.  She could neither sell her interest in land, (*Lane* v. *Soulard*, 15 Ill. R. 123,) nor her right of dower, (*Blain* v. *Harrison*, 11 Ill. R. 384 ; *Hughes* v. *Lane*, 11 Ill. R. 134,) except she was expressly authorized so to do by some statute.  The very term *coverture* implies that she is, during its continuance, under the protection of her husband, and the common law will not allow her to do anything which may prejudice her rights or interests, without his advice, consent and approval.  In this respect, she is incapable of acting alone.  In defining the meaning of the word *coverture*, Mr. Webster has laid down this rule of law, with such succinctness and perspicuity, that I gladly adopt his language.  He says : " The coverture of a woman disables her from making contracts to the prejudice of herself or husband, without his allowance or confirmation."  I am incapable of adding anything to this statement of the rule of the common law without detracting from its force.  This sole act of a *feme covert* was simply void, and the court below should have proceeded to an assignment of the dower.

The decree is reversed, and the suit remanded.

*Decree reversed.*