THOMPSON BROOKS

*v.*

ZACHARIAH BRUYN.

1. COLOR OF TITLE — *what constitutes.* Any instrument, having a grantor and a grantee, and containing a description of the land intended to be conveyed, and apt words for their conveyance, gives color of title to the lands described.

2. Such an instrument purports to be a conveyance of the title; and because it does not, for some reason, have that effect, it passes only color, or the semblance of a title.

3. It makes no difference whether the instrument fails to pass an absolute title, because the grantor had none to convey, or had no authority, in law or in fact, to convey one, or whether such want of authority appears on the face of the instrument, or *aliunde.* The instrument fails to pass an absolute title, for the reason that the grantor was not possessed of some one or more of these requisites, and, therefore, it gives the semblance or color only of what its effect would be if they were not wanting.

4. PRESUMPTION — *of good faith.* The law presumes that all men act in good faith, until there is some evidence to the contrary.

5. COLOR OF TITLE — *good faith presumed.* And in the absence of evidence, color of title is presumed to have been so acquired.

6. JUROR — *ground of challenge.* On the trial of an action of ejectment, a juror was challenged because he had been sworn and had served as a grand juror within a year prior to that time. The challenge should have been allowed, and it was error to refuse it.

APPEAL from the Circuit Court of Warren county; the Hon. CHARLES B. LAWRENCE, Judge, presiding:

This was an action of ejectment brought by Thompson Brooks against Zachariah Bruyn, in the court below, for the recovery of the northwest quarter of section nine, in township nine, north of range two west, situate in Warren county.

While the jury were being impanneled for a trial of the cause at the October Term, 1863, T. D. Allen was called as a juror, and being sworn to answer questions, stated that he had been a grand juror at the then last March Term of that court, and had been sworn and acted as such. The plaintiff thereupon challenged him for cause, but the court overruled the challenge, and the plaintiff excepted. The plaintiff then challenged the juror peremptorily.

The jury being impanneled, the cause proceeded to trial. The testimony on behalf of the plaintiff being closed, the defendant offered in evidence, as color of title, a deed from John Brown, as sheriff of Warren county, to George W. Berrian, dated June 28, 1842, purporting to convey the land in controversy, by virtue of a judgment and sale for taxes, for the sum of $2.07. This was objected to, but the court allowed the same to be read in evidence, and the plaintiff excepted. The defendant then produced in evidence a regular series of conveyances from Berrian to himself. The evidence also established the payment of taxes assessed in the years 1844 to 1852, inclusive, by persons who had the color of title when the payments were respectively made; and that the land was vacant and unoccupied during that time. It also appeared the defendant was in possession at the time the suit was brought.

The jury returned a verdict for the defendant. A new trial was refused, and judgment entered upon the verdict. The plaintiff thereupon took this appeal, and the questions arising upon the assignment of errors, are, *First*, whether the tax deed to Berrian was color of title, and *Second*, whether the fact that one presented as a petit juror has been sworn and served as a grand juror within one year, is ground of challenge.

Mr. A. G. KIRKPATRICK, for the appellant.

The ground of challenge to the juror was well taken. The act of 1859 (Sess. Acts, p. 154), does not restrict the cause of challenge to those who may have been sworn as petit jurors within the year, but clearly embraces grand jurors in its terms.

Mr. W. C. GOUDY, for the appellee, insisted that the act referred to did not embrace grand jurors. A grand jury is properly an inquest. Its members have an oath administered when impanneled, to inquire and true presentment make of all matters coming before them. They are not "sworn in any cause." These words, "in any cause," used in the act, qualify the word "sworn," at both places, so that it reads, when extended, " That hereafter it shall be sufficient cause of challenge to any juror called to be sworn in any cause that he has been sworn [in any cause] as a juror at any term of court," &c.

The act does not name a court of record, yet the words " at any term of the court" clearly limit the operation of the act to a court that holds terms, and courts of record are the only ones which do. So that being sworn as a juror before a justice does not disqualify the juror.

The object of the act was to give fresh jurors for the trial of causes, to banish the men who sat on juries from improper motives, and earned a livelihood by corrupt means. The grand jury does not come within the object of the act.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This is an action of ejectment for the recovery of a quarter section of land in Warren county. The defense is the statute of limitations barring a recovery from persons who, having color of title, acquired in good faith to vacant and unoccupied lands for seven successive vears, have paid all taxes legally assessed thereon during that period. The deed of John Brown to Geo. W. Berrian, dated the 28th of June, 1842, was color of title, and it was regularly transmitted to the appellee. Any instrument having a grantor and a grantee, and containing a

description of the lands intended to be conveyed, and apt words for their conveyance, gives color of title to the lands described. Such an instrument purports to be a conveyance of the title, and because it does not, for some reason, have that effect, it passes only color or the semblance of a title. It makes no difference whether the instrument fails to pass an absolute title, because the grantor had none to convey, or had no authority, in law or in fact, to convey one, or whether such want of authority appears on the face of the instrument, or *aliunde*. The instrument fails to pass an absolute title, for the reason that the grantor was not possessed of some one or more of these requisites, and, therefore, it gives the semblance or color only of what its effect would be if they were not wanting. The law presumes that all men act in good faith, until there is some evidence to the contrary; and in the absence of evidence color of title is presumed to have been so acquired. The evidence satisfactorily established the payment of taxes assessed in the years 1842 to 1852 inclusive, and that the lands were vacant and unoccupied. The taxes were paid by the persons who had the color of title, when the payments were respectively made, or by their authorized agents. As the defendant was in possession when the suit was brought, these facts barred the appellant's right of recovery.

On the trial, a juror was challenged because he had been sworn and had served as a grand juror within a year prior to that time. The challenge should have been allowed.

This precise question was under consideration in *Bissell* v. *Ryan*, 23 Ill. 566, and the conclusive reasons there given for the exclusion of the juror render others unnecessary.

The court below erred in not excluding the juror, and on this ground the judgment is reversed and the cause remanded.

*Judgment reversed.*