EMELINE OWEN

v.

JOSEPH PEACOCK.

1. DOWER—LIMITATIONS—*whether the remedy for dower may be barred by the limitation act of* 1839. The remedy to enforce the right of dower is embraced within the provisions of the first section of the Limitation Act of 1839, so that a widow must pursue her remedy, as against a party whose possession conforms to the requirements of that act, within the seven years therein prescribed, or her claim will be effectually barred.

2. SAME—*under the general limitation law, and herein, whether there can be possession adverse to the widow.* This case was regarded as being controlled by the act of 1839, and the court declined deciding the question which was made, whether the suit for dower is or is not included in the general limitation laws of this State; but upon the question whether a person holding in the same right with the widow could have a possession adverse to her, the court say, there are decisions of respectable courts favoring the view that a possession under such circumstances could not be adverse to the widow's claim of dower, but they could not perceive its force. When applied to the heir at law upon whom the descent is cast, or to the devisee under a will, it might, with some plausibility, perhaps with perfect accuracy, be said, they hold in subordination to the right of the widow to her dower. But as it regards the purchaser from the husband, or from the heir at law or devisee, it seems a harsh rule; and when he enters and occupies, it seems right that he should be deemed as holding adversely to all the world. The court, however, express no definite opinion on the question.

3. SAME—*whether barred in equity aside from the statute, as a stale claim.* The question was also made, whether a claim for dower may not be barred by the operation of the principle, recognized and acted upon in courts of equity, not to enforce stale claims, independent of any statute of limitations. But it was not deemed necessary to consider the staleness of the demand in this case, and it was dismissed with the remark, that as a general principle, courts of equity will not enforce stale demands of any description, unaccompanied by some weighty reason why the demand was suffered to become stale.

WRIT OF ERROR to the Superior Court of Chicago.

This was a petition filed in the Court below by Emeline Owen against Joseph Peacock, for her dower in certain premises described as the undivided half of the west forty feet and

north fifty feet of the east forty feet of lot five, block twenty, in the old town of Chicago. A decree was entered *pro forma* for the defendant, and the petitioner thereupon sued out this writ of error.

The circumstances connected with the claim of dower are fully set forth in the opinion of the court.

These questions are presented under the assignment of errors:

*First.* Is the remedy to enforce the right of dower embraced in the provisions of the limitation law of 1839?

*Second.* Whether the suit for dower is or is not included in the general limitation laws of this State; and herein, whether a person deducing title from the husband can be regarded as holding adversely to the widow's claim of dower.

*Third.* Whether dower may be barred by the operation of the principle that courts of equity will not enforce stale claims, independent of any statute of limitations.

Messrs. HURD, BOOTH and KREAMER, and Mr. M. O. HIGGINS, for the plaintiff in error.

Messrs. GOODRICH, FARWELL and SMITH, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a petition filed by the plaintiff in error in the Superior Court of Chicago, for her dower in a certain lot in that city.

The facts are substantially these: On the fifth of April, 1832, the husband of the petitioner, with Richard J. Hamilton, were the owners of the lot in question by purchase from the County Commissioners of Cook county, to whom it was conveyed by the State, and on the ninth of May, 1833, they conveyed the same to John T. Temple, the plaintiff in error not joining in the deed. The defendant derives and claims title

to the lot through conveyances from Temple. In the early part of the year 1834, Temple took possession of this lot and erected a dwelling house upon it, in which he lived for some years. That Temple and his grantees have had possession of the premises by actual residence thereon, continuously, down to the commencement of this suit. That for more than seven years prior to the commencement of this suit and demand of dower by plaintiff, the defendant has had continuous possession of the premises by the actual residence of himself and family thereon, under and having a connected title to the same in law and equity, deducible of record from the State of Illinois under and through the grantee of the State. That for more than two years prior to the tenth of August, 1857, one David C. Thatcher and this defendant were continuously in the actual joint possession of the premises under claim and color of title, made in good faith, which paper title purported to convey to and vest in Thatcher and the defendant, jointly, the title in fee-simple absolute to the premises. That on the tenth day of August, 1857, Thatcher conveyed, by quit-claim deed, all his interest in the premises to the defendant, who has, since that conveyance, been continually in the actual possession of the same under claim and color of such paper title made in good faith, which paper title purports to vest in the defendant the title in fee-simple to the premises, and while defendant and Thatcher were so in possession, and while the defendant was in exclusive possession claiming title thereto, and for seven years prior to the commencement of this suit and demand of dower by the plaintiff, they or he paid all taxes legally assessed on the premises. The husband of the plaintiff died on the fourteenth day of October, 1835, leaving the plaintiff, his widow, and four children, surviving. The plaintiff made a demand of dower on the nineteenth of July, 1864, and at no other time.

The only question is, can the plaintiff recover her dower under this state of facts, and is she not barred by the statute of limitations, or by the operation of the principle fully recog-

nized and acted upon in Courts of Equity, not to enforce stale claims, independent of any statute of limitations.

This is a new question in this court, one of great interest, and one which we have carefully considered. The maxim of Lord COKE, that "three things are favored in law, Life, Liberty and Dower," is so familiar as to have become the common by-word in the law. This right of dower is held so sacred by the common law, that no judgment, recognizance, mortgage or any incumbrance whatever, made by the husband after marriage, can affect it. It is not affected, even by a debt due the King. An examination of our statute upon this subject will satisfy any one that the Legislature intended to guard this right with jealous care, and to protect the wife against that influence which the marital relation naturally creates, and which is sometimes exercised over the wife in spite of every precaution. Traces of this desire can be seen in all our legislation on this subject, but there is nothing in the statute, which we have been able to discover, extending to a claimant of dower exemption from the operation of the general statutes regulating remedies, to which all classes of community are subject. Although dower be favored in law, yet there is nothing so peculiar in the right as to give it a special immunity over all other rights to real estate, when a remedy is sought to enforce the right.

The general expression found in the decisions of this court, in *Nicoll* v. *Ogden et al.*, 29 Ill. 386; *exparte McElwain*, *ib.* 442; *Francisco et al.* v. *Hendricks et ux.*, 28 *ib.* 64; *Sisk* v. *Smith*, 1 *Gilm.* 509; *Gove et al.* v. *Cather*, 23 Ill. 634, that the right of dower cannot be divested except by the voluntary act of the widow, performed in the mode prescribed by law, must be read with express regard to the facts in the cases then before the court, and the questions raised and discussed in them. General principles were alone designed to be stated. The question whether the remedy was barred or not, did not arise in either of those cases. Since the argument, we have been referred to the case of *Osborn et ux.* v. *Horine*, 19 Ill. 124, as

having some bearing on the question at issue. In that case the bill for assignment of dower was filed nearly twenty-one years after the death of the husband of the dowress. The defence set up and relied on, was a release alleged to have been executed by the wife to the defendant, in which her second husband (she having married again) did not join. The statute of limitations was also pleaded, and in this court the release was decided to be inoperative and void, the question on the statute of limitations being neither raised nor discussed. The case went off on the validity of the release. The bar of the statute was not considered by the court, and of course was not decided.

We agree with the English and American courts, that the right of dower is not only a legal right but a moral right, that the widow should be provided for and have a maintenance out of her husband's estate, but it is no more a moral right than the right she acquires to her husband's estate by being made sole devisee thereof by his last will and testament, in which case, if she does not pursue her remedies for the recovery thereof within the time limited by law, she is forever barred. A husband dies, leaving to his wife by his last will, the fee in a tract of land. She neglects to pay the taxes upon it; it is sold for taxes; it is not redeemed; the purchaser procures the sheriff's deed, and pays the taxes for seven successive years, and finally takes actual possession of the land. Has she any remedy to oust the purchaser, and is not this right she acquired under her husband's will as sacred as that of dower, which the law cast upon her? This land was her only support, yet for failing to pursue her remedy in the proper time she is deprived of it, and where is the hardship? So with her right of dower; the law cast this upon her at the instant of her husband's death, which, in this case, was more than twenty-eight years before action was brought. During all this time no claim, demand or action, has been preferred or commenced for her dower, and no reason assigned for the delay, during all which time the possession of the defendant, or of those under whom he claims,

was actual, open, notorious and exclusive, and adverse to all the world. It is insisted, however, by the plaintiff, that this possession was not adverse to her, as the parties claimed in the same right. Decisions of respectable courts have been cited favoring this view, but we do not perceive its force. When applied to the heir at law upon whom the descent is cast, or the devisee under a will, it may with some plausibility, perhaps with perfect accuracy, be said, they hold in subordination to the right of the widow to her dower. But as it regards the purchaser from the husband, or from the heir at law, or devisee, it seems a harsh rule, for such purchaser may not know of the existence of a wife having such a claim, and when he enters and occupies, it seems right that he should be deemed as holding adversely to all the world. But we are not disposed to debate this question or express any definite opinion upon it, believing, under the statute of limitations of 1839, the claim of the plaintiff is effectually barred.

The first section of that act provides, that any person in the actual possession of land or tenements under claim and color of title made in good faith, and who shall for seven successive years after the passage of this act continue in such possession, and shall also, during that time, pay all taxes legally assessed on such land or tenements, shall be held and adjudged to be the legal owner of the land or tenements to the extent and according to the purport of his or her paper title. (Scates' Comp. 748.)

The language of this statute is plain and free from ambiguity, admitting of no construction. There is no saving clause growing out of the nature of the right which is barred. It includes every species of claim, and raises an effectual bar against them all. Suppose, instead of a claim to dower, there was set up a devise to the plaintiff of the fee of these lands under the last will of her husband, and she had neglected to pursue her claim, would she not be effectually barred, under these facts, from asserting it? Most clearly she would, and as there is nothing in this claim of dower more meritorious than

a claim to the fee, and as that may be lost by *laches*, we see no reason why the claim to dower should not also be lost past recovery by the same neglect. There is no hardship in this, because the doors of the courts of law and equity are open to receive and grant the petitions for dower, and opportunities the most ample afforded all such claimants. Section 18 of the act respecting dower, provides, if the heir at law or other person having the next estate of freehold or inheritance, shall not, within one month next after the decease of the husband, assign and set over to the widow of the deceased, to her satisfaction, her dower in and to all lands, tenements and hereditaments of which she is dowable, then such widow may sue for and recover the same in the manner hereinafter prescribed, &c. (Scates' Comp. 153.)

So by the statute regulating the action of ejectment, *Ibid.* 214, any widow entitled to dower, after the expiration of six months from the time her right accrued, may bring the action of ejectment to recover her dower. Section eight provides, if the action be brought for the recovery of dower, the declaration shall state that the plaintiff was possessed of the one undivided third part of the premises as her reasonable dower as widow of her husband, naming him. Thus the most ample opportunity is afforded the widow to assert and prosecute her claim, and if she neglects, if she loses her remedy by loss of time and by the intervention of other rights, she has no right to complain.

Without deciding, then, whether the suit for dower is or is not included by the terms of the general limitation acts of this State, we are content to say, the defendant is protected in his possession and title by the first section of the act we have cited. Neither do we consider it necessary to consider the staleness of this demand, dismissing it with the remark, that as a general principle, courts of equity will not enforce stale demands of any description, unaccompanied by some weighty reason why the demand was suffered to become stale.

With the views we entertain and have endeavored to express, we must affirm the judgment of the Superior Court, and dismiss the plaintiff's bill.

*Judgment affirmed.*

Mr. CHIEF JUSTICE WALKER dissenting.