# George I. Stow

*v.*

## Harriet Steele.

Error—*party, whose rights are not affected by, can not be heard to complain.* A widow being in possession of a portion of a lot of ground as her assigned dower in the whole of it, the widow of a former owner filed a petition against her and the owner of the fee, and obtained a decree assigning to her the same part occupied by the first named widow, who was, by process of court, ejected from the premises, and the complainant put in possession. From this decree an appeal was prosecuted to the Supreme Court, pending which the appellee therein died. Her death was suggested in the Supreme Court, her administrator made a party, and the Supreme Court thereupon reversed the decree and remanded the cause. The cause was re-docketed in the court below, and a writ of restitution ordered, to restore the first named widow to the possession of the premises, and that upon the execution thereof the suit abate: *Held,* that, whether this decree was regular or irregular, correct or erroneous, the owner of the fee can not be heard to complain against it.

Appeal from the Superior Court of Cook county; the Hon. Samuel M. Moore, Judge, presiding.

Messrs. Goudy & Chandler, for the appellant.

Mr. J. Waughop, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

The judgment of the court below must be affirmed. Harriet Steele was in possession of the east 60 feet of lot 2, in block 44, in the original town of Chicago, claiming a life estate in the same as her assigned dower in the whole lot, of which George I. Stow was the owner, claiming title through a deed formerly made by the husband of Mrs. Steele, in his life and during her coverture. In this condition of affairs, Therese La Framboise filed in the Superior Court of Cook county her petition against George I. Stow, Mrs. Steele and others, claiming dower in the same lot 2 as the widow of a former owner, and, upon final hearing, that court assigned to

her, as her dower, the same 60 feet of which Mrs. Steele was possessed as above stated, and, by process from that court, Mrs. Steele was ejected, and Mrs. La Framboise was put in possession of the 60 feet mentioned.

The record was taken before the Supreme Court by Mrs. Steele, and, while there pending, Mrs. La Framboise died. Her death was suggested to the Supreme Court, and her administrator was then made a party, and entered his appearance. This court then reversed the decree of the Superior Court, and remanded the cause. The case was then docketed as a suit of the administrator of Mrs. La Framboise against Stow, Steele and others.

On motion of Mrs. Steele, one of the defendants, the court ordered and decreed that the possession of the 60 feet in question should be restored to Mrs. Steele, and that a writ of restitution issue, and that, upon the execution of the same, the suit abate. From this decree George I. Stow appeals to this court, and asks that it may be reversed.

It is not perceived how appellant can call the same in question, upon the face of the pleadings and record in this case. It is confessed that the 60 feet in question were in the possession of Mrs. Steele, as her assigned dower in the premises, and, by the return of the writ of possession, her possession was transferred to Mrs. La Framboise. On this record, Stow sets up no claim to this 60 feet, as against Mrs. Steele. Stow sought no relief in this proceeding. All he asked in this case was, to go from court with his reasonable costs. No right of his is affected by the decree. Whether the decree be regular or irregular, correct or erroneous, Stow has no ground of complaint against it.

The decree is affirmed.

*Decree affirmed.*