GEORGE B. CONNER *et al.*

*v.*

JAMES W. GOODMAN.

*Filed at Springfield September 28, 1882.*

1.    LIMITATION—*act of 1839—what is color of title.*    An administrator's deed for land sold under an order of a competent court, for the payment of debts of the intestate, is good color of title under the seven years Limitation law.

2.    SAME—*of the good faith of purchaser.*    The testimony of the occupant of land that he bought and acquired title in good faith, is not rebutted by proof of general reputation that the title of the person whom he succeeded was bad.

3.    SAME—*want of knowledge of ground of relief to prevent the bar.*    The fact that a party failed to learn of his equitable rights to have a sale of

his interest in land set aside, until a short time before the expiration of the period fixed as a limitation to his remedy, will not take his case out of the bar of the statute, when his cause of action has not been fraudulently concealed from him.

4. SAME—*in what case the statute applies.* The possession of land, and payment of all taxes thereon for seven successive years, under color of title acquired in good faith, is a bar to a bill in chancery to set aside a decree and sale of such land in a proceeding for partition.

5. NOTICE—*by possession of land.* A person's possession of land is notice to all the world of his claim to the same, and if another party does not learn of his rights to the property until the bar of the Statute of Limitations has attached, it will be his own neglect and inattention, from which he can claim no immunity.

APPEAL from the Circuit Court of Monroe county; the Hon. Amos Watts, Judge, presiding.

Mr. Spencer Tompkins, for the appellants:

The minors were not made parties to the partition suit. If not parties, they were not bound by the decree. *Hassett* v. *Ridgway,* 49 Ill. 197.

Even if Jarrott and wife were guardians of appellants at the time of the partition proceedings, such minors are entitled to have the decree set aside as in fraud of their rights. No judgment can be rendered to bind minors who appear only by a general guardian. Story's Equity, secs. 44, 58, notes 3, 7; 1 Daniell's Chancery Prac. 229, 563; 39 Mo. 536; *Hunter* v. *Hutton,* 4 Gill, 115; *Greenman* v. *Harvey,* 53 Ill. 386.

The Partition act is not designed as a cover under which a guardian may obtain a sale without establishing a necessity therefor, the same as in an application for sale under the Guardian's act. *Hartman* v. *Hartman,* 59 Ill. 103; *King* v. *King,* 15 id. 157; Redfield on Wills, 448, 454, 456; Story's Eq. Jur. 169–172.

It is a well settled rule that statutes of limitation do not begin to run until the fraudulent proceedings, or adverse possession with claim of title, are brought to the knowledge of

the parties against whom it will run.    Kerr on Frauds, 10, 11; 2 Story's Eq. Jur. 1520 a; *McIntosh* v. *Sanders*, 68 Ill. 128; *Hancock* v. *Harper*, 86 id. 445; *Oliver* v. *Platt*, 3 How. 411; *Kane* v. *Bloodgood*, 7 Johns. Ch. 89.

A purchaser of land is estopped from denying a knowledge of anything contained in his title papers, or in the records of courts, affecting his title.    *White* v. *Kirby*, 42 Ill. 510; *Miles* v. *Lockwood*, id. 111; *Illinois Ins. Co.* v. *Littlefield*, 67 id. 368; *Byrne* v. *Morehouse*, 22 id. 603; *Pinckard* v. *Milmine*, 76 id. 453.

Messrs. SLATE & WINKELMAN, for the appellee:

The Statute of Limitations is a complete bar to this suit, unless complainants come under some of the saving clauses of the statute.    They claim as minors.    Under our statutes a minor has the right reserved to him for the period of two years after arriving at majority, and no more; and unless he comes within that period, he is estopped, and the statute effects a complete bar to a recovery under the seven years clause, under color of title and payment of taxes.    *Newland* v. *Marsh*, 19 Ill. 376; *Stearns* v. *Giddings*, 23 id. 387; *Dickinson* v. *Breeden*, 30 id. 327; *Beaver* v. *Taylor*, 1 Wall. 637.

Ignorance of their rights will not prevent the operation of the statute.    *Campbell* v. *Long*, 20 Iowa, 382; *Martin* v. *Bank*, 31 Ala. 115; *Bank* v. *Waterman*, 26 Conn. 324; *Abel* v. *Harris*, 11 Gill, 367; *Davis* v. *Colten*, 2 Jones' Eq. (N. C.) 430; *Boward* v. *White*, 9 Rich. Eq. (S. C.) 483.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in equity, filed in the office of the clerk of the circuit court of Monroe county, on the 9th of September, 1879, to set aside a certain decree for sale on application for partition, and also sale of real estate, and deed thereunder, etc.    The answer of the defendant, James W. Goodman, in addition to putting in issue the allegations of the bill gener-

ally, alleges that Goodman entered into possession of the real estate under color of title made in good faith; that he has continued in such possession for seven successive years, and has, during said time, paid all taxes legally assessed on such real estate.

We are of opinion this defence has been made out, and it is, therefore, unnecessary to examine the questions raised upon the decree and sale for partition sought to be set aside.

The purchaser at the partition sale was one Isaiah Cheek. He died intestate in 1870, and on the 11th of November, 1871, this real estate was sold by his administrator, pursuant to a decree of a competent court, to raise assets to pay the debts due from his estate. James W. Goodman was the purchaser at that sale, and received an administrator's deed. He shows that he at once entered into the possession of the property, which he has continued to enjoy ever since, and that during all that time, being more than seven successive years, he has paid all taxes legally assessed on the property. The deed was unquestionably color of title. *Brooks* v. *Bruyn,* 35 Ill. 392; *McCagg* v. *Heacock,* 34 id. 476; *Stubblefield* v. *Borders,* 92 id. 279; *Davis* v. *Hall,* id. 85; *Payne* v. *Markle,* 89 id. 66; *Whitney* v. *Stevens,* id. 53; *Coleman* v. *Billings et al.* id. 183; *Scott* v. *Delany,* 87 id. 146.

Goodman testified that he bought and acquired title in good faith, and this is not rebutted by proof of general reputation that Cheek's title was bad. *McCagg* v. *Heacock, supra,* and same case again in 42 Ill. 153; *Cook* v. *Norton,* 43 id. 391; *Rawson* v. *Fox,* 65 id. 200; *County of Piatt* v. *Goodell,* 97 id. 84; *Smith* v. *Ferguson,* 91 id. 304.

But counsel contend appellants did not learn of the fraudulent transaction, whereby they allege they were deprived of their property, until within two years of the filing of their bill, and hence that they are not affected by the Statute of Limitations. There is no claim made that the cause of action was fraudulently concealed from them by Goodman,

and so the case is not affected by the 22d section of the Limitation act of 1874. (Rev. Stat. 1874, p. 676.) And Goodman's possession was notice to all the world of his claim to the property, (*McConnel* v. *Reed*, 4 Scam. 117, *Williams* v. *Brown*, 14 Ill. 200, *Cowen* v. *Loomis*, 91 id. 132,) and so if appellants did not learn of their rights, it was purely through their own neglect and inattention to their property, and they are consequently entitled to no immunity on that account.

The decree is affirmed.

*Decree affirmed.*