JANE R. STOWE

*v.*

HARRIET STEELE.

*Filed at Ottawa June 13, 1885.*

1. DOWER—*where deed becomes inoperative to pass principal estate— effect upon the release of dower.* Where a deed from a husband and wife becomes inoperative as to the husband's estate by reason of a sale under a prior judgment lien, or for other cause, it will also become inoperative as to a release of dower therein by the wife, and she may assert the right after the death of her husband.

2. SAME—*duty of dowress as to the payment of taxes—effect of non-payment as working a forfeiture, as for waste.* While the party holding the title to land in which a widow is entitled to dower, is in possession, or receiving the income from the estate, the dowress is under no obligation or duty to pay the taxes on the same.

3. So dower will not be forfeited by the failure of the dowress to pay the taxes on the premises, and allowing them to be sold therefor, before they are in fact assigned to her and she is put in possession.

4. If back taxes on land out of which dower is sought, are taken into consideration and adjudicated in the proceeding for the assignment of dower, in fixing the damages the damandant is entitled to for the detention of her dower, the reversioner, having had the benefit in that way of all the taxes paid by her, can not be heard to insist that the non-payment of such taxes at the proper time worked such waste as to bar her dower under the statute.

5. SAME—*laches—limitation—as a bar to dower right.* Where a widow has brought suit for the assignment of her dower in proper time, and has persistently been seeking such assignment for about twenty years, and has been delayed by appeals and the contesting of her right, she will not be barred of the same on the ground of *laches.*

6. No period short of seven years' adverse possession under claim and. color of title and the payment of the taxes, will work a bar to the claim of dower; and the same strictness of proof as in actions of ejectment will be required to sustain the bar.

APPEAL from the Superior Court of Cook county; the Hon.. GEORGE GARDNER, Judge, presiding.

Messrs. MONROE & LEDDY, for the appellant:

Appellee was not entitled to dower in the premises in question, having previously relinquished the same in a deed to Hubbard. *Morton* v. *Noble*, 57 Ill. 176; *Dock Co.* v. *Kinzie*, 49 id. 289; *Johnson* v. *Montgomery*, 51 id. 185; Rev. Stat. chap. 30, sec. 17.

A tenant for life, or dowress, is liable for all taxes assessed upon lands subject to such tenancy. *Prettyman* v. *Walston*, 34 Ill. 175; *Peyton* v. *Jeffries*, 50 id. 143; *White* v. *Mayor of Nashville*, 2 Swan, 364; 2 Scribner on Dower, 733.

If appellee ever had a right of dower in the premises, she has forfeited the same by allowing the premises to be sold for taxes, and having been guilty of waste. Rev. Stat. chap. 4, sec. 45; *Finch* v. *Brown*, 3 Gilm. 488; *McConnell* v. *Greene*, id. 590; *Jones* v. *Devore*, 8 Ohio, 430.

Appellee's claim for dower is barred by the Statute of Limitations, and *laches*. *Owen* v. *Peacock*, 38 Ill. 33; *Steele* v. *Gellatly*, 41 id. 39; *Whiting* v. *Nicholl*, 46 id. 230.

A dowress does not acquire a right of entry until dower has been assigned her. Park on Dower, 334, 336; *Hoots* v. *Graham*, 23 Ill. 81.

Mr. JOHN W. WAUGHOP, for the appellee:

When the deed which is claimed to relinquish dower failed as to the husband, it also became inoperative as a release of dower. *Blaine* v. *Harrison*, 11 Ill. 385; *Summers* v. *Bobb*, 13 id. 483; *Stowe* v. *Steele*, 45 id. 330.

Appellee was not liable for taxes until put into possession. The only sale for taxes was before she ever had possession.

No period short of that fixed by the Statute of Limitations will bar dower. She is certainly not guilty of *laches*. The evidence in this case shows that the appellee has been constantly in court asserting her right to dower since 1864, when she filed her bill, up to the present time. *Stowe* v. *Steele*, 45 Ill. 328; 83 id. 422; *Steele* v. *LaFramboise*, 68 id. 436.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The original bill in this case was brought by Jane R. Stowe, in the Superior Court, against Harriet Steele, but as no point is made in the argument against the correctness of the decision of the court dismissing it for want of equity, its contents need not be stated. The present controversy arises on the decree rendered on the cross-bill of Harriet Steele, asserting her right to dower in the premises described in the original bill. The admission in the record forbids any controversy as to the original right of Mrs. Steele as to dower in the premises, and unless that right has been in some way barred or cut off, the decree assigning her dower, and consequent damages for the detention, must be affirmed.

It is said the right of dower which Mrs. Steele may have had in the premises, was released by the warranty deed of her husband, Ashbel Steele, conveying the premises to Elijah K. Hubbard, in the execution of which she joined and acknowledged the release of her dower. This deed bears date November 21, 1838. It is admitted by stipulation, that complainant in the original bill derived title to the premises by certain *mesne* conveyances, through a sheriff's sale, on a judgment recovered by W. H. Stowe and others, against Ashbel Steele, the husband of demandant, in July, 1837, and that the premises were conveyed to W. H. Stowe by the sheriff, in May, 1840. In that way the deed to Hubbard became inoperative by reason of the prior judgment lien. Complainant is in no way connected with the title conveyed by Ashbel Steele and

his wife to Hubbard. As to it she is a stranger, and can take nothing under it. All the title she has is by *mesne* conveyances from the purchaser at the sheriff's sale, on a judgment that had become a lien on the property prior to the making of the deed by the owner to Hubbard.

The doctrine is well settled by numerous decisions of this court, that where a deed from husband and wife becomes inoperative as to the husband's estate, because made in fraud of the rights of creditors, or from any previous lien or incumbrance, or where the purchase money is recovered back for a defect of title in the husband, the wife's dower is not barred by the deed. (*Blain* v. *Harrison,* 11 Ill. 384; *Morton* v. *Noble,* 57 id. 176, and other cases.) Here the deed of the husband and wife became inoperative as to the husband's estate by reason of a prior judgment lien, and under the rules announced in the cases cited, demandant's dower in the premises covered by the deed is not barred.

The statute (section 45 of the Dower act, Rev. Stat. 1874,) provides, no person endowed of any land shall commit or suffer any waste thereof, on penalty of forfeiting that part of the estate whereupon such waste is made,—and in view of that provision of law it is insisted if demandant were ever entitled to dower in the premises in question, she forfeited her right to the same by allowing the property to be sold for taxes. It is quite certain the dowress would be under no legal obligation to pay taxes until a portion of the estate had been assigned and set apart to her as and for dower, and it would seem to be a full and complete answer to the position taken, that no dower was in point of fact assigned to her at the time it was alleged the property was sold for taxes by or under any decree then in force. The first decree assigning dower to her in the property was rendered in 1864. That decree was reversed by the Supreme Court, and since then there has been no other decree assigning dower to her until it was done by the present decree. But aside from this view of the law, it

appears most of the taxes against the property the non-pay-
ment of which is said to be waste suffered by the dowress,
accrued at a time when she was not in possession of the prop-
erty, and at a time when the party entitled to the property
after the dower should be extinguished was receiving the in-
come from the estate, and of course the dowress would be
under no sort of obligation to pay the taxes at that time.   It
does not appear how it was, in fact, but it may be the ques-
tion of back taxes was adjudicated in fixing the amount of
damages demandant would be entitled to for the detention of
her dower.   If so, the party entitled to the reversion having
had the benefit in that way of all the taxes paid by her, she
can not be heard to insist the non-payment of such taxes
at the proper time worked such waste as would bar dower
under the statute.

It is also made a point against the decree, that if demand-
ant ever had a right of dower in the premises, the same is
barred by the Statute of Limitations, and is lost by her ex-
traordinary *laches* and neglect in enforcing the same.   Neither
position taken can be sustained.   It has been repeatedly held
by this court, that dower, as well as any other interest in
land, may be barred by a state of facts that would bring
the claim within the operation of the Statute of Limitations
of 1839.   (*Owen* v. *Peacock*, 38 Ill. 33 ; *Steele* v. *Gellaty*, 41
id. 39.)   No period short of seven years' adverse possession
under claim and color of title and the payment of taxes, will
work a bar to the claim of dower, and the same strictness of
proof as in actions of ejectment will be required to sustain
the bar.   It is obvious no period of seven years' adverse pos-
session under claim and color of title, or otherwise, has been
proved in this case, and no bar is made out under the Statute
of Limitations of 1839.

Nor is there any just ground for imputing *laches* to demand-
ant on account of failing to assert her claim to dower.   The
opinions of the Supreme Court in several cases between the

same parties, and other court proceedings, were put in evidence, from which it appears that "she has persistently asserted her claim to dower" in the premises, since May, 1864. In that year she filed her petition for dower. It was allowed by the court, and she was placed in possession of that portion of the premises assigned to her as dower. Although that decree was reversed by the Supreme Court, her dower in the premises was distinctly recognized, and the decree was only reversed for an error in ascertaining the damages for the detention of her dower. (*Stowe* v. *Steele*, 45 Ill. 328.) It is true she was afterwards, by the decree of the circuit court, dispossessed, but she was again, after being out of possession for a period less than six years, placed back in the possession of her dower by an order of the same court, and this latter order was afterwards affirmed in the Supreme Court. (*Stowe* v. *Steele*, 83 Ill. 422.) Since she was last placed in possession of the portion of the lot that had in a former proceeding been assigned to her as dower, demandant has continued in possession until the original bill in this case was filed, and a receiver was appointed by the court to take charge of the property. In view of these facts, it is idle to say demandant has been guilty of the slightest negligence in asserting her claim to dower to the premises in question. That it might have been done more effectually may be conceded, but certainly not more persistently. The records of this and other courts in evidence show she has constantly insisted on her claim, and now, after so many years of contention, she ought to be permitted the quiet enjoyment of that which this court decided, as early as 1867, was her legal right, without being subjected to further litigation concerning it.

The decree will be affirmed.

*Decree affirmed.*