FANNY ARNETT, PLAINTIFF IN ERROR, V. WILLIAM ZINN, DEFENDANT IN ERROR.

1. **Limitation of Actions.** Where there is no continuing trust and money received by an agent is not to be paid at a date later than its receipt, the statute of limitations will run in his favor from the time he received such money.

2. ————. To be valid under the statute, a promise to pay a debt barred by the statute of limitations, must be in writing.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

*J. W. Eller* and *W. T. Sloan*, for plaintiff in error.

*J. Jensen* and *Ryan Brothers*, for defendant in error.

MAXWELL, CH. J.

This action was brought in the district court of Fillmore county to recover the sum of $1,075, with interest thereon

from Febry 1, 1882.    A demurrer to the petition was sustained in the court below and the action dismissed.

The following is a copy of the petition :

" Said plaintiff, Fanny Arnett, complains of said defendant, William Zinn, for that said defendant was, on or about the ... day of ...... married to the mother of plaintiff, whose name before said marriage was Mariah L. Arnett.

" That plaintiff was the daughter of said Mariah L. Arnett by her first husband, and the only child of her mother.

" That by said marriage the mother of said plaintiff became and was Maria L. Zinn.

" That for a long time prior to and at the time of the marriage of plaintiff's mother to defendant, William Zinn, her said mother was the owner of certain real estate in the county of Gentry, state of Missouri, to-wit: The west half of the south-east quarter and the north-east quarter of the south-west quarter of section No. 20, in township 63, of range 30, except one acre out of the north-east corner of the last described parcel of said tract of land, containing about one hundred and nineteen acres.

" That on or about the 1st of February, 1882, said Maria L. Zinn sold said tract of land and realized therefor the sum of one thousand and seventy-five dollars.

" That in the negotiating and sale of said real estate, said defendant acted as the agent of said Maria L. Zinn and received the money and other consideration therefor and never paid the same, or any part thereof, to said Maria L. Zinn.

" That said Maria L. Zinn died intestate, in Fillmore county, Nebraska, on the 14th day of November, 1883.

" That said Maria L. Zinn owed no debts at the date of her death, and was then the wife of defendant.

" That no administration of her estate was ever had, nor the appointment of an administrator asked for or made.

" That she had no children by her marriage with defendant, and she has no other heir than plaintiff.

" Plaintiff further says, that since the death of her mother

plaintiff has often demanded of said defendant that he pay to her said money, and said defendant has told plaintiff at divers times that said money realized from said real estate belonged to her, and that he would pay it to her, yet said defendant neglects and refuses so to do.

"Plaintiff says that by reason of the premises, said defendant is indebted to plaintiff in the sum of one thousand and seventy-five dollars, with interest thereon from the 14th day of November, 1883.

"Wherefore the plaintiff prays judgment against defendant for the sum of one thousand and seventy-five dollars, and interest thereon from February 1st, 1882, and for costs of suit."

Section 11 of the code of civil procedure provides as the period within which an action can only be brought: " Within four years an action upon a contract, not in writing, expressed, or implied," etc.    And section 16 provides that, " An action for relief not hereinbefore provided for can only be brought within four years after the cause of action shall have accrued."

These provisions of the statute seem to include money received by an agent for his principal, and an action for the recovery of such money must be brought within four years from the time it was received, or it will be barred.

The petition alleges that the money was received by the defendant on the first day of February, 1882; there is no allegation of a continuing trust, or that the money was to be paid at a date later than the time it was received, and in the prayer of the petition the cause of action is treated as having accrued at the date named, and interest is prayed for from that time.

The statute is regarded as one of repose.    It proceeds upon the expediency of refusing to enforce a stale claim, whether it has been paid or not, and its object is, as was said by Judge Story, "To suppress fraudulent and stale claims from springing up at great distances of time and sur-

38

prising the parties or their representatives, when all the proper vouchers and evidence are lost, or the facts have become obscure from the lapse of time or the defective memory or death or removal of witnesses." *Spring v. Gray*, 5 Mason, 523. *Hurley v. Cox*, 9 Neb., 230.

In the case at bar, no facts are alleged showing that the running of the statute has been suspended. The oral promise of the defendant to pay the debt set out in the petition is of no validity. Such promise, under the statute, must be in writing. Code Civil Pro., sec. 22.

The judgment of the district court is clearly right and must be affirmed.

JUDGMENT AFFIRMED.