# WILLIAM W. BRIAN

## *v.*

# PARMELIA MELTON.

*Filed at Springfield September 27, 1888.*

1. LIMITATIONS—*act of 1839—as against claim for dower.* The remedy to enforce the right of dower is embraced within the provisions of section 6 of the Limitation law; and a widow must pursue her remedy within the seven years therein prescribed, or her claim will be effectually barred, as against a party who has been in adverse possession for seven successive years, under claim and color of title acquired in good faith, and has also, during that time, paid all taxes assessed on the land.

2. SAME—*color of title—what constitutes—administrator's deed.* A deed having a grantor and grantee, and containing a description of the land intended to be conveyed, and also apt words of conveyance, is good as color of title under the Limitation act of 1839. It makes no difference that the deed fails to pass an absolute title, because the grantor had none to convey, or had no authority to convey one, or whether such want of authority appears on the face of the instrument or *aliunde.*

3. An administrator's deed of the land of his intestate, making no reservation of the widow's dower, is good color of title to the entire estate in the land, according to the purport of the deed upon its face, under section 6 of the Limitation law.

4. One holding under a deed as color of title, is not obliged to go back to the proceedings which precede the deed, to see if there was proper authority for its execution. So although the petition of an administrator for an order of sale of lands to pay debts, states that the widow has dower in the premises, and the decretal order finds the allegations in the petition to be true, that will not impair the administrator's deed, which contains no reservation of the dower right, as color of title to the land free of any burden of a claim of dower.

5. SAME—*good faith—the elements of it.* The knowledge by the holder of a deed which is color of title, of an adverse claim to or lien upon the property, does not, of itself, indicate bad faith in the holder, and is not even evidence of it, unless accompanied by proof of some improper means to defeat such claim or lien.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. PATTON & HAMILTON, for the appellant:

The remedy of a widow for dower may be barred by color of title and seven years' possession and payment of taxes. *Owen* v. *Peacock*, 38 Ill. 33.

An administrator's deed for land sold to pay debts, is good color of title. *Conner* v. *Goodman*, 104 Ill. 365; *Stumpf* v. *Osterhage*, 111 id. 82.

Any instrument having a grantor and a grantee, and containing a description of the lands intended, and, afterward, words of conveyance, gives color of title to the lands described. *Brooks* v. *Bruyn*, 35 Ill. 392; *McCagg* v. *Heacock*, 34 id. 476; *Payne* v. *Markle*, 89 id. 66.

Although ineffectual as a conveyance, a deed may be color of title. *Chickering* v. *Failes*, 26 Ill. 507; *Hardin* v. *Crate*, 26 id. 215.

It makes no difference whether the instrument fails to pass an absolute title, because the grantor had none to convey, or had no authority, in law or in fact, to convey one, or whether such want of authority appears on the face of the instrument or *aliunde*. *Brooks* v. *Bruyn*, 35 Ill. 392.

A quitclaim deed from a tenant for life, of all the grantor's interest, to one having no notice that his grantor was only a tenant for life, is good color. *Safford* v. *Stubbs*, 117 Ill. 389.

In the absence of evidence to overcome it, color of title is presumed to have been acquired in good faith. *Brooks* v. *Bruyn*, 35 Ill. 392.

Claim of title in good faith, is claiming under the sincere belief of ownership in the premises. The good faith required in the acquisition of color of title, is freedom from a design to defraud the person having a better title. *McCagg* v. *Heacock*, 34 Ill. 479; *Davis* v. *Hall*, 92 id. 85.

Actual or constructive notice of irregularities or counterclaims, does not impute bad faith or fraud to the party who is chargeable with notice. *Davis* v. *Hall*, 92 Ill. 85.

Messrs. ORENDORFF & PATTON, for the appellee:

The deed in question does not purport to convey the widow's dower. Washburn on Real Prop. 368; 2 Sugden on Vendors, 561; Rev. Stat. chap. 30, sec. 13.

The administrator was not authorized to sell and convey the widow's dower, and an administrator's deed is not color of title as against the widow's dower. *Busch* v. *Huston*, 75 Ill. 346; *Tilley* v. *Bridges*, 105 id. 336; *Selb* v. *Montague*, 102 id. 451.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a petition filed June 7, 1886, in the Circuit Court of Sangamon County, by appellee, as the widow of Martin Melton, who died September 28, 1876, for assignment of dower in two tracts of land consisting of forty acres each. The premises were sold, on January 26, 1878, by Thomas Hubbard, as administrator of Martin Melton's estate, to pay debts, by order of the County Court of said County. At the administrator's sale one tract was purchased by appellant, and the other by Daniel A. Sevier. The two purchasers took possession immediately of the tracts so bought by them. Afterwards on August 14, 1879, Sevier, by warranty deed, conveyed his forty acres to appellant.

In his answer to the petition, appellant sets up, as a defense to the claim for dower, possession and payment of taxes for seven years under claim and color of title. The proof shows that, under the administrator's deed to him, appellant was in possession of the 40 acres purchased by him for more than seven successive years and paid all the taxes legally assessed thereon for that period, and that Sevier, under the administrator's deed to him, was in possession of his 40 acres and paid the taxes thereon up to August 14, 1879, and that thereafter appellant was in possession thereof, and paid the taxes thereon, up to the time of filing the petition herein.

It is not denied by appellee, that all the conditions required by section 6 of the Limitation Law to make the bar of that section complete, have been complied with, if the administrator's deeds can be regarded as good claim and color of title as against appellee. The only question is whether the two deeds made by the administrator constitute color of title under said sixth section.

The administrator's deeds are in the usual form. After reciting, that the County Court, in a certain cause, by order duly entered, directed the administrator to sell the land of the estate for the purpose of paying the just claims, and that due notice of sale was given as required by the order or decree, and that the premises were sold in accordance with the notice, etc., each deed witnesses that the administrator "has granted, bargained and sold and, by these presents, does grant, bargain and sell unto the said party of the second part, his heirs and assigns forever all the following described lot, piece or parcel of land, situated, etc., and known and described as follows, towit: * * * "together with all and singular the hereditaments and appurtenances thereunto belonging or in any wise appertaining and all the estate, right, title, interest, claim and demand whatsoever, at law or in equity, which the said Martin Melton, deceased, had at the time of his death in and to the said premises, to have and to hold the same unto the said party of the second part, his heirs and assigns forever, as fully and effectually, to all intents and purposes in law, as he, the said party of the first part, might, could, or ought to sell and convey the same by virtue of the said decretal order of the said county court, above referred to."

We have held that the remedy to enforce the right of dower is embraced within the provisions of section 6 of the Limitation Law, and that a widow must pursue her remedy within the seven years therein prescribed, or her claim will be effectually barred as against a party, who has been in adverse possession for seven successive years, under claim and color of

title made in good faith, and has also, during said time, paid all taxes legally assessed on the land. (*Owen* v. *Peacock*, 38 Ill. 33; *Stowe* v. *Steele*, 114 Ill. 382).

We have also held, that, where real estate is sold by an administrator, pursuant to a decree of a competent court, to raise assets to pay debts due from the estate, the administrator's deed is "unquestionably color of title." (*Conner* v. *Goodman*, 104 Ill. 365; *Stumpf* v. *Osterhage*, 111 Ill. 82.).

Under these decisions, it would seem to be clear that appellee's claim for dower is barred, and that the prayer of her petition should be denied.

It is urged, however, on her behalf, that each deed only purports to convey the right, title, etc., which Martin Melton had at the time of his death, and that his interest, when he died, was subject to his wife's dower. It is furthermore contended, that, by the habendum clause of the deed, the grantee only takes such title as the administrator had the authority to convey by virtue of the decretal order of the county court, and that, as the administrator could only convey the interest of the heirs subject to dower, the deed can not be regarded as purporting on its face to transfer to the purchaser at the sale any other title than one which is subject to the dower right.

It is true that the administrator's deed conveys the interest of Melton at the time of his death, but it also purports to convey the premises sold without any reference to the interest of any particular person therein. The deed, as above quoted, has a grantor and grantee, and contains a description of the lands intended to be conveyed, and also apt words for their conveyance. Therefore, it gives color of title to the lands described. (*Brooks* v. *Bruyn*, 35 Ill. 392). Even if an administrator's deed, which conveys nothing more than "the estate, right, title, interest," etc., which the deceased intestate had at the time of his death, can not be regarded as *purporting* to convey the whole title, yet the descriptions contained in the deeds, which are claimed to give color in the present case, are

not limited to such "estate, right, title, interest," etc.    The granting clause contains words of broader scope, as will be seen by reference to the above extract.

As to the limitation contained in the *habendum* clause, we see in it nothing different from the phraseology, which is generally used in deeds made under orders of court by administrators or other trustees.    They do not profess to sell their own property, but only to act by virtue of the authority conferred by a decree of Court.    If these words are to have the effect claimed for them by counsel for appellee, then no administrator's deed can ever be used as color of title.    Counsel say, that the purchaser at the sale must look into the decretal order to see what the administrator has a right to convey, and, as the decretal order in this case, although containing no mention of the widow's dower, finds the allegations of the petition for sale to be true, that such purchaser is bound to examine the petition, which states that the widow has dower.

A party, holding under a deed as color of title, is not obliged to go back to the proceedings, which precede the deed, to see if there was proper authority for its execution.    It is sufficient if the instrument "passes only color or the semblance of a title."  "It makes no difference whether the instrument fails to pass an absolute title, because the grantor had none to convey, or had no authority, in law or fact, to convey one, or whether such want of authority appears on the face of the instrument, or *aliunde.*" *(Brooks* v. *Bruyn, supra.*).    In the case at bar, it is enough that the deeds made by the administrator do not recite that the property is conveyed subject to the dower right, nor do they mention dower in any way.    The words in the habendum clause, that the grantee is to have and hold "as fully and effectually * * * as he" (the administrator) "might, could or ought to sell and convey the same by virtue of the said decretal order, etc.," do not require the party, holding under the deed as color, to look any further into the terms of the decretal order than they are set forth in the reciting part of the deed itself.

Nor is it any evidence of a want of the good faith required by section 6 of the Limitation Law, that the purchasers at the administrator's sale knew of the existence of the widow at that time. The evidence tends to show that they believed they were getting a good title free of incumbrance. There is nothing in the evidence to indicate that they are chargeable with fraud. Notice of the claims of other persons does not apply under the statute of limitations, as in case of subsequent purchasers or incumbrancers under the registry act. (*Woodward* v. *Blanchard*, 16 Ill. 424; *Chickering* v. *Failes*, 26 Ill. 507; *Dickenson* v. *Breeden*, 30 Ill. 279). "The knowledge of an adverse claim to, or lien upon property, does not of itself indicate bad faith in a purchaser, and is not even evidence of it, unless accompanied by some improper means to defeat such claim or lien." (*McCagg* v. *Heacock*, 34 Ill. 476).

We think that appellee's claim for dower is barred, and that the Circuit Court erred in granting the prayer of her petition.

The decree of the Circuit Court is reversed and the cause is remanded for further proceedings in accordance with the views here expressed.

*Decree reversed.*