## D. D. CAMPBELL v. J. H. ROE.

[FILED JUNE 30, 1891.]

1. **Limitation of Actions**: AGENCY: CONVERSION. When an agent is appointed to collect money and remit to the principal after deducting his charges, no time being stated when the remittance is to be made, the statute of limitation commences to run in favor of the agent from the time he receives the money.

2. ———. Mere silence or concealment by the defendant, without affirmative misrepresentation, will not toll the statute.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*Green & Hostetler*, for plaintiff in error, cited, contending that a demand, or acts amounting to waiver thereof, was necessary before action could be maintained: *Taylor v. Bates*, 5 Cow. [N.Y.], 376; *Ex parte Furguson*, 6 Id., 596*; *Walradt v. Maynard*, 3 Barb. [N. Y.], 584; *Lillie v. Hoyt*, 5 Hill [N. Y.], 399; *Cummins v. McLain*, 2 Pike [Ark.], 402; *Staples v. Staples*, 4 Me., note, 532; *Hyman v. Gray*, 4 Jones [N. Car.], 155; *Baker v. Joseph*, 16 Cal., 173; *Taylor v. Spears*, 8 Ark., 429; *Judah v. Dyott*, 3 Blackf. [Ind.], 324; *Baird v. Walker*, 12 Barb. [N. Y.], 298; *Topham v. Braddick*, 1 Taunt. [Eng.], 572; Weeks, Att'ys, sec. 263; *Jett v. Hempstead*, 25 Ark., 462; *McDowell v. Potter*, 8 Pa. St., 189; *Nisbet v. Lawson*, 1 Kelley [Ga.], 275–281; *Rathbun v. Ingalls*, 7 Wend. [N. Y.], 320; *Beardslee v. Boyd*, 37 Mo., 180.

*Calkins & Pratt*, contra, cited: *Rhine v. Evans*, 66 Pa. St., 192; *Mast v. Easton*, 33 Minn., 161; *Welton v. Merrick Co.*, 16 Neb., 84; *Means v. Jenkins*, 18 Ill. App., 41; *Hoffman v. Parry*, 23 Mo. App., 20; *Hecht v. Slaney*, 72 Cal., 363; *Purdon v. Seligman*, 43 N. W. Rep. [Mich.],

1045; *Mills v. Mills,* 115 N. Y., 80; *Douglas v. Corry,* 46
O. St., 349; *Wood v. Carpenter,* 101 U. S., 135; *Jordan v.
Jordan,* 4 Me., 175; *Webster v. Newbold,* 41 Pa. St., 482.

Norval, J.

On the 5th day of April, 1888, this action was brought
in the court below by the plaintiff in error to recover the
sum of $448.30, and interest, money alleged to have been
collected by the defendant for the plaintiff, and kept by
said Roe.

The petition alleges in substance that the plaintiff held
a note against one John M. Chism for $200, bearing date
September 2, 1876, and drawing interest at ten per cent
from date; that the plaintiff employed the defendant to
collect said note, and the defendant was to pay the money
as soon as collected to the plaintiff; that the defendant col-
lected the sum of $335 on said note on or about the 29th
day of May, 1883, and no part thereof has been paid to
the plaintiff, although often requested to do so; that the
plaintiff did not know said money had been collected until
the fall of 1887; that the defendant fraudulently concealed
the fact that he had collected said money, and never in-
formed the plaintiff that he had done so, until after the
plaintiff had learned from the payor of the note, in the fall
of 1887, that it had been paid.

The defendant answered by a general denial, also setting
up the statute of limitations. The plaintiff replied, denying
the allegations of the answer.

It appears that the plaintiff, a resident of the state of
New York, owned a note for $200, signed by one John M.
Chism, a resident of Buffalo county, Nebraska, which was
secured by a mortgage on two lots in Kearney. In March,
1883, the plaintiff made a written assignment of the mort-
gage to the defendant, and sent the note, mortgage, and as-
signment in a letter to him. On the 29th day of May,

1883, Chism paid Roe $130, and deeded him the lots covered by the mortgage in satisfaction of the same. It is admitted that the value of the lots and the money paid, equaled the amount due on the note.

The plaintiff introduced testimony tending to show that the note and mortgage were sent to the defendant for collection, and that he did not give them to Roe; that he did not know that they had been collected until the summer or fall of 1886, and that he has never received any part of the money.

The defendant produced the assignment, which was an absolute one, and proved by his own testimony and that of S. M. Nevins, that the assignment was enclosed in a letter, the contents of which, the letter being lost, they testify was to the effect that the plaintiff stated that he did not want to go to any expense to collect or try to collect the mortgage, but that Chism had used him badly, and if the defendant could make anything out of the mortgage, he would rather he would have it than that Chism should profit by it.

It also appears that the plaintiff and the defendant were strangers to each other; that the defendant did not acknowledge the receipt of the note and mortgage; that the plaintiff is an uncle of Chism, and that the relations between them have always been of a friendly character.

Upon the testimony being closed the court directed a verdict for the defendant. The disputed question of facts on the trial was whether the note was sent for collection, or as a mere gift. From the evidence, different minds could have drawn different conclusions. In jury cases the rule is, where there is any doubt as to the facts, the evidence must be submitted to the jury. It is improper for a court to direct a verdict on a question of fact, unless the evidence is clear and uncontradicted and all one way. We must assume that the district court directed the verdict in the case on the theory that the action was barred by the statute of limitations, and not that the plaintiff made a

present of the note to the defendant. If, therefore, the statute had run against the plaintiff's cause of action, there was no error in taking the case from the jury, and ordering a verdict returned for the defendant.

Actions like the one at bar must be brought within four years after the cause of action shall have accrued. It is undisputed that the note was collected by the defendant more than four years before this suit was instituted, and that the plaintiff first demanded the money of the defendant less than two years prior to the beginning of the action. The material inquiry is, When did the statute of limitations commence to run against the plaintiff's cause of action? It is insisted by the plaintiff that it began to run only upon demand of payment, while the defendant contends that it commenced to run from the date the money was collected by him. While there are decisions sustaining both propositions, it seems to us that the rule which is based upon the soundest principles, is that where an agent is appointed to collect money and remit, after deducting his charges, no time being stated when the remittance is to be made, the statute commences to run from the time of the receipt of the money by the agent. The money is due the principal as soon as it is collected, and it is the duty of the agent to pay it over or remit at once. If he fails so to do, he is liable to an action.

In *Arnett v. Zinn*, 20 Neb., 591, it was held that "where there is no continuing trust, and money received by an agent is not to be paid at a date later than its receipt, the statute of limitations will run in his favor from the time he received such money."

The doctrine for which we contend is stated in Woods on Limitations, 277, and is held in *Mast v. Easton*, 22 N. W. Rep. [Minn.], 253; *Campbell's Adm'rs v. Boggs*, 48 Pa. St., 524; *Fleming v. Culbert*, 46 Id., 498; *Hart's Appeal*, 32 Conn., 520; *Lawrence University v. Smith*, 32 Wis., 587; *Stacy v. Graham*, 14 N. Y., 492; *Brunson v.*

*Ballow*, 29 N. W. Rep. [Iowa], 794; and *Peyser v. Mayor*, 70 N. Y., 497.

When a promissory note is payable on demand, the statute of limitations commences to run against it from its date, and that without regard to demand by the holder. This is true, for the obvious reason that the note is due as soon as it is given. (2 Parsons, Notes and Bills, 642; *Dorland v. Dorland*, 5 Pac. Rep. [Cal.], 77; *Boustead v. Cuyler*, 8 Atl. Rep. [Pa], 848; *Tripp v. Curtenius*, 36 Mich., 496; *Curran v. Witter*, 31 N. W. Rep. [Wis.], 705.) As the money is due the principal as soon as received by the agent, we perceive no reason why the same rule as to the beginning of the running of the statute, should not govern as controls actions upon demand notes.

It can make no difference that the defendant failed to inform the plaintiff of the receipt of the money, or that the plaintiff had no knowlege that it had been collected, until three years after the note had been paid. The ignorance of one's rights, when not occasioned by the fraud of the debtor, will not have the effect to prevent the running of the statute. The rule is universal that mere silence or concealment by the defendant, without affirmative misrepresentation will not toll the statute. (*Welton v. Merrick Co.*, 16 Neb., 84; *Hecht v. Slaney*, 14 Pac. Rep. [Cal.], 88; *Purdon v. Seligman*, 43 N. W. Rep. [Mich.], 1045; *Douglas v. Corry*, 46 O. St., 349; *Wood v. Carpenter*, 101 U. S., 135; *Jordan v. Jordan*, 4 Greenleaf [Me.], 175; *Webster's Ex'rs .v. Newbold*, 41 Pa. St., 482; *Conner v. Goodman*, 104 Ill., 365; *Williams v. Pomeroy Coal Co.*, 37 O. St., 583.)

It is claimed by the plaintiff in error that the defendant wrote a letter to the plaintiff, acknowledging a liability which revived the debt. No issue of that kind is presented by the pleadings, nor does the defendant, in the letter alluded to, admit the validity of the plaintiff's claim but on the contrary the defendant states in the letter, " I

don't acknowledge a claim against me by you, either legal or moral, for I knew you intended to do with the Chism mortgage just what you did do."

As the bar of the statutes had run when the suit was begun, there was no error in the court directing a verdict for the defendant. The judgment is

AFFIRMED.

THE other judges concur.